CHRIS FALCONE, INC., Appellant,

v.

The INSURANCE COMPANY OF the STATE OF PENNSYLVANIA, Appellee.

Superior Court of Pennsylvania.

Argued March 21, 2006.
Filed Aug. 30, 2006.

---

John G. Richards, II, Conshohocken, for appellant.

John E. Hilser, Philadelphia, for appellee.

BEFORE: TODD, BENDER, AND GANTMAN, JJ.

OPINION BY GANTMAN, J.:

¶ 1 Appellant, Chris Falcone, Inc., appeals from the order entered in the Philadelphia County Court of Common Pleas, granting summary judgment in favor of Appellee, Insurance Company of the State of Pennsylvania, and dismissing Appellant's complaint with prejudice. Specifically, Appellant asks us to determine whether the trial court erred when it dismissed Appellant's complaint because Appellant had not promptly transferred its federal case to state court in compliance with the Pennsylvania transfer statute at 42 Pa. C.S.A. § 5103. We hold the trial court properly interpreted Section 5103 and dismissed Appellant's complaint for failure to meet the statutory requirements for transfer of erroneously filed proceedings from federal court to state court. Accordingly, we affirm.

¶ 2 The trial court sets forth the relevant facts and procedural history as follows:

On or about January 18, 2001, [Appellee], a surety, issued Payment Bond No. Pa 4517351 ("Bond") naming JMS Construction, Inc. as Principal and Clarion Group, Inc. as Owner in connection with a certain project known as "Bullets Texaco Mini-mart" ("Project") located on Lancaster Avenue, [in Philadelphia]. On or about August 2, 2001, [Appellant] entered into a subcontract with the general contractor JMS to complete certain concrete, masonry and landscape work for the Project.

On or about April 12, 2002, [Appellant] commenced an action ("initial action") in federal court before the Honorable Bruce W. Kauffman against JMS to recover outstanding contract balances it claimed due and owing under the subcontract. JMS never responded or appeared in opposition to the initial action and [Appellant] moved forward to obtain default judgment.

During the assessment of damages hearing, [Appellant] testified that work on the Project was last performed in December 2001. [Appellant] later testified at a deposition that Arthur Morton, a principal of both JMS and the land owner where the project was built, told [Appellant] that he would not receive any payment for his work unless he returned to the Project to do additional work. This work was completed in April 2002. On March 12, 2003, [Appellant] contacted [Appellee] for purposes of claiming the outstanding amounts due from JMS under the Bond and enclosed copies of invoices which [Appellant] was claiming due. [Appellant] claims that it had not received any previous notice that a bond

existed despite his explicit request regarding any bond information from [Arthur] Morton. On March 24, 2003, [Appellant] requested a copy of the bond. On March 31, 2003, [Appellee] responded to [Appellant's] requests and forwarded proof of claim forms to be completed and returned for [Appellee's] consideration of [Appellant's] claim.

On or about April 23, 2003, [Appellant] commenced an action in the United States District Court for the Eastern District of Pennsylvania against [Appellee]. The complaint alleged that [Appellee's] principal place of business was in Cherry Hill, New Jersey and [Appellant] performed his last work on April 25, 2002. In its answer to [Appellant's] complaint, [Appellee] admitted that the principal place of business was Cherry Hill, New Jersey and denied that the court had jurisdiction as a legal conclusion. Thereafter in a "Joint Rule 16 Memorandum" submitted to the Judge, [Appellee] affirmatively represented to the court that diversity jurisdiction existed.

In June 2004, prior to the case being placed in the trial pool, [Appellee] informed [Appellant] that it was a Pennsylvania Company. On June 11, 2004, the Federal District Court action against [Appellee] was dismissed for lack of subject matter jurisdiction without prejudice [to transfer the case to state court].

(Trial Court Order and Memorandum Opinion, filed May 23, 2005, at 2–4) (Attachment B to Trial Court Opinion, filed August 30, 2005).

¶ 3 On June 25, 2004, Appellant filed a complaint in the Philadelphia Court of Common Pleas. Appellee filed an answer to the complaint with new matter, asserting Appellant failed to file its complaint within the one-year contractual limitations period set forth in the terms of the bond. Appellant filed a reply to Appellee's answer with new matter, generally denying the averments as conclusions of law but specifically stating that Appellant's federal action had been timely filed within one year, as the bond required.

¶ 4 On December 22, 2004, Appellee filed a motion for summary judgment, asserting that Appellant's failure to commence the instant action within the contractual limitations period entitled Appellee to judgment as a matter of law. Appellant filed an opposition to Appellee's motion for summary judgment, citing 42 Pa.C.S.A. § 5103, which governs transfers of erroneously filed matters, and arguing the federal filing preserved Appellant's claims. In Appellee's reply to Appellant's opposition, Appellee challenged Appellant's reliance on Section 5103, in that Appellant had failed to comply with the statutory requirements of that section.

¶ 5 On April 11, 2005, Appellant, for the first time, sought to transfer the certified record from the federal action, pursuant to Section 5103. Appellant's first efforts to comply with the transfer statute were made ten months after the federal court had dismissed Appellant's case for lack of jurisdiction.

¶ 6 On May 23, 2005, the trial court granted Appellee's motion for summary judgment and dismissed Appellant's complaint. The court reasoned that Appellant could not invoke the protection of Section 5103, absent prompt compliance with its requirements. The court agreed with Appellee that Appellant's complaint was time barred. On June 22, 2005, Appellant timely filed this appeal. On June 28, 2005, the court ordered Appellant to file a Rule 1925(b) concise statement of matters complained of on appeal, which Appellant timely filed on July 11, 2005.

¶ 7 On appeal, Appellant raises the following issues for our review:

WHETHER THE TRIAL COURT ERRED OR ABUSED ITS DISCRETION GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON STATUTE OF LIMITATION GROUNDS WHERE:

a. APPELLEE HAD AGREED TO THE METHOD OF TRANSFERRING THE CASE FROM THE EASTERN DISTRICT;

b. APPELLEE'S ACTIONS CONTRIBUTED TO THE DELAY IN ASSERTING THE JURISDICTIONAL ISSUE IN BOTH THE FEDERAL COURT AND THE TRIAL COURT IN ORDER TO CREATE A HYPER TECHNICAL ARGUMENT FOR DISMISSAL.

c. THE TIME LIMITATION USED BY THE TRIAL COURT TO SUPPORT THE DISMISSAL WAS NOT BASED ON THE APPLICABLE STATUTE BUT ON AN UNENFORCEABLE JUDICIALLY IMPOSED TIME LIMITATION;

d. EQUITABLE CONSIDERATIONS SUPPORT A REVERSAL OF THE GRANT OF SUMMARY JUDGMENT.

(Appellant's Brief at 4).

■■■ ¶ 8 Review of orders granting summary judgment are subject to the following principles:

Our scope of review ... is plenary. We apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered.

Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of his cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. Thus, a record that supports summary judgment will either (1) show the material facts are undisputed or (2) contain insufficient evidence of facts to make out a *prima facie* cause of action or defense and, therefore, there is no issue to be submitted to the jury. Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions. The appellate Court may disturb the trial court's order only upon an error of law or an abuse of discretion.

Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

*Miller v. Sacred Heart Hosp.*, 753 A.2d 829, 832 (Pa.Super.2000) (internal citations omitted). Where the discretion exercised by the trial court is challenged on appeal, the party bringing the challenge bears a heavy burden.

[I]t is not sufficient to persuade the appellate court that it might have reached a different conclusion if ... charged with the duty imposed on the court below; it is necessary to go further and show an abuse of the discretionary power. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.

*Bartlett v. Bradford Publishing, Inc.,* 885 A.2d 562, 566 (Pa.Super.2005).

*Lineberger v. Wyeth,* 894 A.2d 141, 145–46 (Pa.Super.2006) (quotations and some internal citations omitted). Summary judgment is proper if an action is barred by the applicable statute of limitations. *Tohan v. Owens–Corning Fiberglas Corp.,* 696 A.2d 1195 (Pa.Super.1997), *appeal denied,* 553 Pa. 700, 718 A.2d 786 (1998); *Brooks v. Sagovia,* 431 Pa.Super. 508, 636 A.2d 1201 (1994).

¶ 9 Appellant argues Appellee agreed to the transfer of Appellant's case from federal court and should be precluded from contesting the transfer procedure. Appellant claims Appellee should not be allowed to assert Appellant's non-compliance with 42 Pa.C.S.A. § 5103, because Appellee consented to the transfer of Appellant's case, notwithstanding the procedure for transfer outlined in the statute.

¶ 10 Further, Appellant notes Appellee failed to disclose Pennsylvania was its state of incorporation, when filing its answer to Appellant's federal complaint. Thus, Appellant submits Appellee contributed to the delay in the dismissal of Appellant's federal claim based on lack of diversity.

¶ 11 Appellant also maintains Section 5103 does not prescribe a specific time within which to file the certified record, when transferring a case from federal to state court. Appellant asserts courts do not have the authority to add words that affect the scope and operation of a statute, such as judicially imposing a "promptness" requirement.

¶ 12 Appellant reasons Appellee was not prejudiced by the timing of Appellant's transfer, because **when** Appellant filed the certified record of the federal case had no substantial impact on Appellee's ability to defend the case. Appellant suggests the trial court should have balanced the equities of the case against the existing case law interpreting Section 5103 and denied Appellee's motion for summary judgment. Appellant concludes the trial court erred in granting summary judgment in favor of Appellee and dismissing Appellant's complaint. We disagree.

¶ 13 A party may transfer a case from federal court to the appropriate state court, where the federal court lacks diversity. The date of the federal filing becomes the date of the state filing for purposes of the applicable statute of limitations. The statute states in part:

§ 5103. **Transfer of erroneously filed matters**

(a) **General rule.**—If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magister-

ial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

**(b) Federal cases.—**

(1) Subsection (a) shall also apply to any matter transferred or remanded by any United States court for a district embracing any part of this Commonwealth. In order to preserve a claim under Chapter 55 (relating to limitation of time), a litigant who timely commences an action or proceeding in any United States court for a district embracing any part of this Commonwealth is not required to commence a protective action in a court or before a magisterial district judge of this Commonwealth. Where a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court for lack of jurisdiction, any litigant in the matter filed may transfer the matter to a court or magisterial district of this Commonwealth by complying with the transfer provisions set forth in paragraph (2).

(2) Except as otherwise prescribed by general rules, or by order of the United States court, such transfer may be effected by filing a certified transcript of the final judgment of the United States court and the related pleadings in a court or magisterial district of this Commonwealth. The pleadings shall have the same effect as under the practice in the United States court, but the transferee court or magisterial district judge may require that they be amended to conform to the practice in this Commonwealth. Section 5535(a)(2)(i) (relating to termination of prior matter) shall not be applicable to a matter transferred under this subsection.

42 Pa.C.S.A. § 5103(a)-(b)(2).

The stated policy behind this section is to preserve a claim or cause of action timely filed in federal court on the ground that the claimant should not lose [the] opportunity to litigate the merits of the claim simply because [the litigant] erred regarding federal jurisdiction. Thus, the transfer statute ameliorates the hardship on litigants who inadvertently file their action[s] in the wrong place. This Court has explained:

> Section 5103 has been interpreted to be applicable in situations ... where the federal court dismisses an action due to lack of jurisdiction. We have held that a litigant should file a certified transcript of the final judgment of the federal court and a certified transcript of the pleadings from the federal action, rather than new pleadings in the state court.

*Commonwealth v. Lambert*, 765 A.2d 306, 320 (Pa.Super.2000) (internal citations and quotation marks omitted).

¶ 14 Once the federal court dismisses a case for lack of jurisdiction, "it is then incumbent upon the litigant to take further action under the statute to move the case to state court." *Williams v. F.L. Smithe Mach. Co., Inc.*, 395 Pa.Super. 511, 577 A.2d 907, 909 (1990), *appeal denied*, 527 Pa. 650, 593 A.2d 422 (1991).

> [T]o protect the timeliness of an action under 42 Pa.C.S.A. § 5103, a litigant, upon having his case dismissed in feder-

al court for lack of jurisdiction, must **promptly** file a certified transcript of the final judgment of the federal court and, at the same time, a certified transcript of the pleadings from the federal action. The **litigant shall not file new pleadings in state court.**

*Id.* at 910 (allowing transferred case to go forward in state court, despite delay of six months, because promptness requirement under transfer statute lacked clarity, but limiting largesse of court to case before it) (emphasis added). *See, e.g., Kelly v. Hazleton General Hosp.,* 837 A.2d 490, 495–96 (Pa.Super.2003) (holding (1) litigants must act promptly in transferring actions which have been dismissed for lack of jurisdiction by federal courts; (2) nine-month period between dismissal from federal court and filing in state court does not comply with promptness requirement under the transfer statute); *Ferrari v. Antonacci,* 456 Pa.Super. 54, 689 A.2d 320 (1997), *appeal denied* 548 Pa. 670, 698 A.2d 594 (1997), (finding (1) litigants must act promptly in transferring actions which have been dismissed for lack of jurisdiction by federal courts; (2) one-year period between dismissal from federal court and filing in state court does not comply with promptness requirement under the transfer statute); *Collins v. Greene County Memorial Hosp.,* 419 Pa.Super. 519, 615 A.2d 760 (1992), *aff'd,* 536 Pa. 475, 640 A.2d 379 (1994), *cert. denied,* 513 U.S. 943, 115 S.Ct. 350, 130 L.Ed.2d 306 (1994) (holding (1) litigants must act promptly in transferring actions which have been dismissed for lack of jurisdiction by federal courts; (2) seven-month period between dismissal from federal court and filing in state court does not comply with promptness requirement under the transfer statute).

Viewed in light of *Collins* and *Ferrari, Williams* merely carved out a one-time exception to the plain requirements of Section 5103, which was warranted on that occasion due to the lack of precedent governing the amount of time given plaintiffs to satisfy Section 5103. After those three cases, no precedential void remains, and counsel has no excuse for failing to satisfy the promptness requirement we long ago read into the statute. A cursory examination of the plain language of Section 5103 and a brief review of the case law interpreting that section would have informed [Appellant] how to protect her federal filing date and avoid operation of the statute of limitations. We choose not to define "promptness" by reference to a specific number of days. We leave that task to the Legislature. We must, however, decline [Appellant]'s invitation to condone the manifest indifference to Section 5103's procedural requirements evident in this case.

*Kelly, supra* at 495–96. The plain language in Section 5103, in conjunction with the case law interpreting that section, allocates to the transferring litigant the affirmative duty to protect the federal filing date. *Id.*

■ ¶ 15 Additionally, equitable defenses and objections to the operation of the statute of limitations are available but must be properly preserved:

Defenses to the statute of limitations, such as estoppel, agreement, agency, apparent authority, fraud, or concealment are waiveable defenses and must be raised in a reply to new matter asserting the statute of limitations as an affirmative defense. [Pa.R.C.P. 1032(a) ]. *See, for example, Molineux v. Reed,* 516 Pa. 398, 532 A.2d 792 (1987); *Mangino v. Lieber,* 442 Pa. 595, 277 A.2d 823 (1971); *Nesbitt v. Erie Coach Co.,* 416 Pa. 89, 204 A.2d 473 (1964); *Bonfitto v. Bonfitto,* 391 Pa. 187, 137 A.2d 277 (1958);

*Ruzian v. Cavanaugh,* 278 Pa.Super. 538, 420 A.2d 672 (1980).

*Devine v. Hutt,* 863 A.2d 1160, 1168–69 (Pa.Super.2004).

 ¶ 16 Instantly, Appellant sued JMS on April 12, 2002, to recover outstanding contract balances Appellant claimed due and owed under the construction subcontract. When JMS failed to respond within the required time period, Appellant moved forward on a default judgment and assessment of damages. During that process, on March 12, 2003, Appellant learned about a surety bond that JMS held with Appellee. Appellant requested a copy of the bond from Appellee on March 24, 2003, and received the copy on March 31, 2003. The bond contained a one-year statute of limitations. Appellant filed its case in federal court on April 23, 2003. The federal court ultimately dismissed the case for lack of jurisdiction on June 11, 2004.

¶ 17 Contrary to Appellant's contention, Appellee agreed to the dismissal of the federal action "without prejudice." Nothing in the federal court order dismissing Appellant's federal case or otherwise appearing of record, even suggests Appellee waived the requirements of the transfer statute set forth in Section 5103.

¶ 18 Nevertheless, Appellant filed a new complaint in state court on June 25, 2004. On December 22, 2004, Appellee filed a motion for summary judgment asserting Appellant's cause of action was now barred by the statute of limitations. On April 11, 2005, ten months after initiating its new complaint in state court, and while Appellee's motion for summary judgment, Appellant's opposition, and Appellee's reply were pending before the court, Appellant finally filed a *praecipe* to transfer certified copies of the federal record in state court, consistent with Section 5103.

¶ 19 On May 23, 2005, the trial court granted Appellee's motion for summary judgment and dismissed Appellant's complaint. The court reasoned:

> Here, [Appellant] commenced the federal court action on April 23, 2003. Since the last day of work was April 25, 2002, [Appellant's] complaint was timely filed in the [Federal] District Court. On June 11, 2004, the District Court action was dismissed without prejudice for lack of subject matter jurisdiction. [Appellant] refiled its action [in state court] on June 25, 2004. Although [Appellant] promptly refiled the action in state court, he failed to follow the requirements of [S]ection 5103, which required filing of a certified copy of the [federal] judgment and a certified copy of the [federal] pleadings. Certified copies of the record were recently filed by [Appellant] on April 11, 2005, approximately ten months after the case was dismissed by the District Court for lack of jurisdiction. Based on *Williams* and its progeny, it is clear that [Appellant]'s complaint is time barred. The complaint filed on June 25, 2004 does not relate back to the federal court filing since the requirements of [S]ection 5103 were not fulfilled promptly as required by the existing case law.

(Trial Court Order and Memorandum Opinion at 10). We agree. The settled case law in this regard compels **prompt** compliance with the transfer statute requirements. *See Williams, supra.* After *Williams, supra, Collins, supra, Ferrari, supra, and Kelly, supra,* there is "no precedential void" in interpreting 42 Pa.C.S.A. § 5103. *See id.* at 495, 577 A.2d 907.

¶ 20 Under Pennsylvania's transfer statute, Appellant had to file a certified copy of the final judgment of the federal court, and the related pleadings, in a court or magisterial district of this Commonwealth. *See* 42 Pa.C.S.A. § 5103(b)(2). Appellant

did not properly transfer its federal case simply by filing a new complaint in state court. *See Williams, supra.*

¶ 21 In addition, settled case law mandated that Appellant "promptly" transfer its case. *See Kelly, supra.* Here, the gap between the federal court dismissal and Appellant's *praecipe* to transfer was ten months, which the law describes as untimely. Appellant's filing of a new pleading in state court did not create an open-ended period in which to transfer the federal case to state court. *See id.; Ferrari, supra; Collins, supra; Williams, supra.*

¶ 22 Moreover, the promptness requirement under the statute is measured from the date the federal court dismisses the case for lack of jurisdiction. Appellant cannot use the summary judgment process as a signaling device to file its *praecipe.* Appellant simply did not attempt to conform to the requirements of the transfer statute until ten months after the federal court case had been dismissed. Under prevailing law, ten months is not "prompt" compliance for purposes of Section 5103. *See id.* Therefore, Appellant did not preserve the original filing date of the federal action.

¶ 23 Further, we reject Appellant's prayer for equitable relief under the circumstances of this case. Appellant did not plead any equitable defenses or objections to Appellee's answer and new matter in Appellant's state court action. In fact, Appellant first suggested equitable considerations and relief in its supplemental brief in opposition to Appellee's motion for summary judgment. Although Appellant included this brief in its reproduced record on appeal (R.R. at 142a–145a), there is no filing entry for this brief in the certified docket entries and this brief is not contained in the certified record. Therefore, Appellant's equitable claims regarding the affirmative defense of the statute of limita-

tions are arguably waived. *See* Pa.R.C.P. 1032(a); *Devine, supra.*

¶ 24 Nevertheless, we conclude the delay in the dismissal of the federal court proceedings, occasioned by the late discovery of Appellee's state of incorporation, did not affect Appellant's ability to transfer the case. Under Section 5103, Appellant had a viable means to transfer the case to state court and preserve the original filing date of the federal action, provided Appellant promptly complied with the statutory requirements. Appellant filed its federal case two days before the one-year limitations period of the surety bond expired. Appellant chose to initiate the action in federal court but could just as easily have originally filed the complaint in state court. Either way, the applicable statute of limitations would have been preserved, regardless of the delay in the federal court proceedings occasioned by Appellee's answer to the federal complaint or erroneous stipulation to diversity. Therefore, any delay in the federal proceedings is wholly immaterial to the outcome of this case.

¶ 25 The relevant statute of limitations comes into play now solely because Appellant did not promptly comply with Section 5103 and file a certified copy of the federal record in state court. Instead, Appellant filed a new pleading contrary to settled procedure and basically ignored Section 5103 until ten months later. Although Appellant's complaint purportedly put Appellee on notice that it would have to defend against Appellant's claims, such notice cannot be argued as "lack of prejudice." Prejudice is not the controlling concern in this circumstance. The key to protection in this case is conformity with the statutory requirements, which are not onerous in light of the protection the statute affords. Thus, we see no reason to disturb the court's decision to deny Appellant's prayer for equitable considerations in this case.

¶ 26 Based upon the foregoing, we hold the trial court properly interpreted and applied Section 5103 to Appellant's case and correctly dismissed Appellant's complaint for failure to meet the requirements for transfer of proceedings from federal to state court. Accordingly, we affirm the court's order granting summary judgment in favor of Appellee.

¶ 27 Order affirmed.