# DWS International Trading Inc. v. Century Finance Inc.

*Adam M. Shienvold,* for plaintiff.
*Faith M. Lucchesi,* for defendant Mannino.

BROWN JR., *P.J.,* April 17, 2007—Before the court is a motion for summary judgment against defendant Samuel Mannino, filed by plaintiff DWS International Trading Inc., d/b/a Marble Dimensions. Because this court determines no genuine issues of material fact remain, plaintiff's motion is granted.

## HISTORY

On October 1, 2001, plaintiff DWS International Trading Inc., d/b/a Marble Dimensions, and defendant Century Finance Inc. entered into a consignment sales agreement. Pursuant to the agreement, between October 1, 2001 and October 4, 2001, plaintiff shipped stone and marble furniture tops worth $536,038.12 to defendant Century. The items were either to be used by defendant Century or resold on consignment. Under the terms of the consignment agreement, defendant Century was obligated to pay plaintiff for each item at the earlier of the date that such item was sold or incorporated into a finished product and 36 months from the date such item was delivered to defendant Century. Defendant Samuel Mannino, as owner of 100 percent of defendant Century's stock, signed a personal guarantee, ensuring defendant

Century's performance of the consignment agreement. In July 2003, defendant Samuel Mannino sold defendant Century to two individuals, Deborah Noyes and Chance Conner.

On March 4, 2005, plaintiff filed a complaint against defendants, alleging it did not receive payment from defendant Century for the products delivered in October 2001. On June 23, 2005, defendant Samuel Mannino filed an answer, new matter, and counterclaims for breach of contract, breach of warranty, and breach of duty of good faith and fair dealing. Due to defendant Century's failure to defend against plaintiff's complaint, on August 8, 2005, default judgment was entered against defendant Century in favor of plaintiff.

On February 15, 2007, plaintiff filed the motion for summary judgment against defendant Samuel Mannino now before this court. Oral argument on plaintiff's motion was held on April 4, 2007.

## DISCUSSION

In its motion for summary judgment, plaintiff maintains it is entitled to judgment in its favor on both its complaint and on defendant Samuel Mannino's counterclaims.

The Pennsylvania Superior Court has explained that summary judgment is appropriate if, "after the completion of discovery relevant to the motion, . . . an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." *Chris Falcone Inc. v. Insurance Company of the State of Pennsylvania,* 907

A.2d 631, 635 (Pa. Super. 2006). "In order to withstand a motion for summary judgment, a non-moving party must adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof such that a jury could return a verdict in his favor." *Keystone Aerial Surveys Inc. v. Pennsylvania Property and Casualty Insurance Guaranty Association,* 777 A.2d 84, 89 (Pa. Super. 2001) (citing *Lititz Mutual Insurance Company v. Steely,* 746 A.2d 607, 609 (Pa. Super. 1999)). "Failure to adduce this evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* (citing *Lititz Mutual,* 746 A.2d at 609).

## Summary Judgment on Plaintiff's Complaint

In its motion for summary judgment on the complaint, plaintiff maintains defendant Samuel Mannino is liable for defendant Century's debt to plaintiff as a matter of law. This court agrees.

As part of the consignment agreement between plaintiff and defendant Century, defendant Samuel Mannino, then owner of 100 percent of defendant Century's stock, signed a personal guarantee, ensuring "the prompt payment when due or to become due to [plaintiff] under the terms of the consignment agreement." Consignment agreement, p. 5. Defendant Samuel Mannino later acknowledged that he signed and understood the personal guarantee. Deposition of Samuel Mannino, 1/23/06, p. 34.

The terms of the consignment agreement provided that payment to plaintiff for items shipped would be due at the earliest of the following events:

"(a) The individual furniture top is cut from its original size.

"(b) The individual furniture top is sold to a third party.

"(c) The expiration of 36 months from the date of delivery of each furniture top. This period may be expanded, from time to time, by [plaintiff], by giving written notice to [defendant Century] at least 30 days prior to the expiration of the aforementioned period as the same may be from time to time extended." Consignment agreement, p. 2.

Despite such provision in the consignment agreement, more than 36 months lapsed from the dates of plaintiff's deliveries to defendant Century (*i.e.,* October 1, 2001 through October 4, 2001) without plaintiff receiving payment. As a result of such failure to pay on the part of defendant Century (even after plaintiff obtained a judgment against defendant Century in August 2005), plaintiff now seeks enforcement of defendant Samuel Mannino's personal guarantee, pursuant to which defendant Samuel Mannino "guarantee[d] to [plaintiff], its successors and assigns, the performance by [defendant Century], of all terms on the part of [defendant Century] to be performed under the foregoing consignment agreement, and [defendant Samuel Mannino] guarantee[d] to [plaintiff], its successors and assigns, the prompt payment when due of all sums due or to become due to [plaintiff] under the terms of the consignment agreement." *Id.* at 5.

This court determines, based on such language, plaintiff is entitled to summary judgment against defendant Samuel Mannino for the amount owed under the contract (*i.e.,* $536,038.12).

Defendant Samuel Mannino maintains summary judgment is inappropriate in this matter because factual issues remain. First, defendant Samuel Mannino contends there is a dispute as to the quantity of items shipped by plaintiff. Second, defendant Samuel Mannino asserts there is a dispute as to the quality of such items. Finally, defendant Samuel Mannino contends the price of the items is in dispute, as the consignment agreement does not state a definitive price. This court disagrees that these or any other factual issues remain.

### Quantity and Price

In Paragraph 7 of its complaint, plaintiff alleged the following: "[o]n or about October 1, 2001 through October 4, 2001, plaintiff delivered various natural stone products to defendant Century, of the quantity, size[,] description and price set forth in the inventory, a true and correct copy of which is attached hereto, incorporated herein and marked exhibit 'B'."

The inventory referenced above and marked as exhibit B to plaintiff's complaint shows a listing of nearly 200 items, along with their sizes, quantities, and costs (including freight/duty).

Defendant Samuel Mannino, in his answer, replied as follows to paragraph 7 of plaintiff's complaint: "Admitted. By way of further answer, the stone products delivered were of inferior quality and not suitable for the use in furniture construction." Defendant Samuel Mannino admitted the inventory attached to plaintiff's complaint accurately reflects the quantities and prices of the items plaintiff delivered to defendant Century between October 1, 2001 and October 4, 2001. This

court, therefore, determines there is no genuine issue remaining as to either the quantity or price of the items.

## Quality

As per the terms of the consignment agreement, defendant was given the option of "returning to [plaintiff] for full credit any furniture tops F.O.B. [defendant Century's] place of business Penn Furnace, Pa." so long as none of the following have occurred: (1) the furniture top is cut from its original size, (2) the furniture top is sold to a third party, or (3) 36 months have lapsed since the date of delivery. Consignment agreement, p. 2. Despite this option to return any unsatisfactory items within the above-referenced time frames, defendant Century did not reject nor did it return any of the items to plaintiff. Moreover, defendant Samuel Mannino admitted at his deposition that several months after he sold defendant Century to Mr. Conner and Ms. Noyes, the remaining items from plaintiff's delivery were removed from his residence. Deposition of Samuel Mannino, 1/23/06, pp. 52-53. Defendant Samuel Mannino also admitted that he does not know where these items are presently located. *Id.* at 52.

This court determines defendant Samuel Mannino has not produced evidence which demonstrates that a genuine issue remains as to the quality of the items. Defendant Century did not reject or return any of the allegedly unsatisfactory items, despite its negotiated right to do so. Moreover, after selling defendant Century, defendant Samuel Mannino displaced the remaining items, making it impossible for him to now dispute the items' quality.

This court, therefore, determines no genuine issue remains as to the quality of the items.

### Summary Judgment on Defendant Mannino's Counterclaims.

In its motion for summary judgment on defendant Mannino's counterclaims, plaintiff maintains defendant Samuel Mannino lacks standing to pursue his counterclaims for breach of contract, breach of warranty, and breach of duty of good faith and fair dealing. This court agrees.

In *Limbach Company LLC v. City of Philadelphia,* 905 A.2d 567, 573 (Pa. Commw. 2006), the Pennsylvania Commonwealth Court succinctly explained the law regarding third-party standing in contract claims:

"Traditionally, in order for a third party to have standing to recover on a contract, both contracting parties must have expressed the intention in the contract to create a third party beneficiary. *Scarpitti v. Weborg,* 609 A.2d 147, 149 (Pa. 1992) (citing *Spires v. Hanover Fire Insurance Co.,* 364 Pa. 52, 70 A.2d 828 (1950)). In 1983, our Supreme Court carved out an exception to this strict rule in *Guy v. Liederbach,* 501 Pa. 47, 459 A.2d 744 (1983), by adopting section 302 of the Restatement (Second) of Contracts.

"Under the Restatement, a third party can claim rights under a contract, even if not stated expressly, if it is consonant with the intention of the contracting parties. Section 302 states as follows:

"Intended and incidental beneficiaries.

"(1) *Unless otherwise agreed between promisor and promisee,* a beneficiary of a promise is an intended ben-

eficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intentions of the parties and either

"(a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or

"(b) *the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.*

"(2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

"Restatement (Second) of Contracts §302 (1979)." (emphasis in original)

In the present case, defendant Samuel Mannino is not a party to the consignment agreement between plaintiff and defendant Century. Consequently, in order for defendant Samuel Mannino to pursue his counterclaims against plaintiff, he must have standing as a third-party beneficiary of the contract. This court determines, even in light of the more expansive approach to third-party standing adopted in *Guy,* defendant Samuel Mannino was not an intended beneficiary under section 302 of the Restatement (Second). The performance of the promise did not satisfy an obligation of defendant Century to pay money to defendant Samuel Mannino, nor do the circumstances indicate defendant Century intended to give defendant Samuel Mannino the benefit of the promised performance. Accordingly, defendant Samuel Mannino does not have third-party standing to recover on the consignment agreement between plaintiff and defendant Century, and plaintiff is entitled to summary judgment

in its favor on defendant Samuel Mannino's counter-claims.

## ORDER

And now, April 17, 2007, plaintiff's motion for summary judgment against defendant Samuel Mannino in the amount of $536,038.12 is granted.

Furthermore, plaintiff's motion for summary judgment on defendant Mannino's counterclaims is granted.