Henry S. McNEIL, Jr., Appellant

v.

Barbara McNeil JORDAN and Henry A. Jordan, Appellees.

Superior Court of Pennsylvania.

Argued June 6, 2007.

Filed Oct. 11, 2007.

Patrick J. O'Connor, Philadelphia and James F. Mannion, King of Prussia, for appellant.

William T. Hangley, Philadelphia, for appellee.

* Judge JOYCE did not participate in the consideration or decision of this case.
** Retired Senior Judge assigned to the Superior Court.

1. In addition to the facts and procedural history we are about to set forth, the Pennsylva-

BEFORE: JOYCE *, J., McEWEN, P.J.E., and COLVILLE **, J.

OPINION BY COLVILLE, J.:

¶ 1 This case is an appeal from the trial court's order that (1) denied Appellant's motion to permit discovery in aid of the preparation of an amended complaint and (2) dismissed the case because the complaint was legally insufficient to state a cause of action. We affirm.

### Facts[1]

¶ 2 Appellant's father amassed a sizeable fortune. Upon his demise, his estate funded a marital trust for the lifetime benefit of his wife, Appellant's mother. Under the testamentary scheme set forth by Appellant's father, the marital trust proceeds were, upon the eventual death of Appellant's mother, to be placed in separate trusts for the couple's children, excluding Appellant. However, Appellant's father had given his wife a general power of appointment permitting her to modify the aforesaid testamentary scheme. This power included, *inter alia*, the right to alter the father's directions that excluded Appellant from the marital trust distribution. Thus, Appellant's mother had the authority to include him in the ultimate distribution of the funds in her marital trust.

¶ 3 Appellant's mother exercised the power of appointment to some extent, making bequests to various people and/or groups, including Appellant. However, a substantial amount of the marital trust remained therein. Upon her death in

nia Supreme Court and this Court discussed these same matters in more detail during earlier proceedings at *McNeil v. Jordan*, 586 Pa. 413, 894 A.2d 1260 (2006), and *McNeil v. Jordan*, 814 A.2d 234 (Pa.Super.2002).

1998, the remainder passed equally to Appellant's siblings while he was excluded.

■ ¶ 4 Thereafter, Appellant sued Appellees (Appellant's sister and her husband), alleging they had tortiously interfered with his testamentary expectancy. The elements of that tort are: (1) the testator indicated an intent to change his or her will to provide a described benefit for the plaintiff; (2) the defendant used fraud, misrepresentation or undue influence to prevent the execution of the intended will; (3) the defendant successfully prevented that execution; and (4) but for the defendant's conduct, the testator would have changed the will. *McNeil*, 894 A.2d at 1263, 1264 n. 3.

¶ 5 Appellees filed preliminary objections including, *inter alia*, a demurrer on the basis that Appellant had failed to plead the required elements of the tort. The trial court granted the demurrer on the grounds that Appellant had failed to plead the first element of tortious interference with testamentary expectancy. The court then dismissed the complaint without prejudice, giving Appellant time to file an amended complaint.

¶ 6 Appellant later filed a motion, and then an amended motion, for leave to conduct discovery in order to aid him in the preparation of an amended complaint. He sought his mother's estate planning files maintained by the law firm that prepared her last will. The trial court denied the discovery requests but again granted Appellant permission to amend his complaint.

Appellant advised the court he would not amend the complaint without the requested discovery. Accordingly, the trial court dismissed the complaint.

¶ 7 Appellant filed an appeal with this Court. We affirmed the trial court's decision to grant the preliminary objection in the nature of a demurrer. This Court also affirmed the trial court's order denying Appellant's discovery requests. *See McNeil v. Jordan*, 814 A.2d at 241, 246.

¶ 8 Appellant petitioned the Supreme Court for allocatur, challenging only this Court's affirmance of the order denying the discovery motion. Appellant did not seek allocatur regarding our decision to affirm the trial court's finding that the complaint was legally insufficient.

¶ 9 The Supreme Court granted allocatur and determined this Court had incorrectly required Appellant to establish a *prima facie case*, rather than probable cause, to be entitled to pre-complaint discovery. The Supreme Court then remanded this matter to the trial court with directions "to assess whether [Appellant could] establish probable cause that his requested discovery [would] permit the filing of a complaint capable of surviving a demurrer. . . ." *McNeil*, 894 A.2d at 1279.

¶ 10 On remand, the trial court opined that it had, in fact, used probable cause as the standard in its first opinion denying discovery. The court then made clear that, applying probable cause as the test, Appellant's discovery motion was denied. Appellant filed this appeal.[2]

---

**2.** Appellant filed a substantial reproduced record of nearly two thousand pages. Several documents relevant to this appeal (*e.g.*, the complaint, preliminary objections, discovery motions) are in the reproduced record but are not in the certified record. Normally, an appellant has the duty to ensure the certified record contains all necessary items, and we will not consider facts or documents absent from the certified record, even if they appear in the reproduced record. In this case, however, we make the following observations. As we already indicated, this Court and the Pennsylvania Supreme Court published opinions earlier in this case which recite most or all of the facts on which we rely herein. Also, Appellees themselves cite, at times, to the reproduced record. Finally, there is no mate-

### Insufficient Pleading

■ ¶ 11 Appellant argues the trial court erred by dismissing the complaint for legal insufficiency. This Court denied Appellant relief on this same issue during his first appeal. *McNeil,* 814 A.2d at 241. Accordingly, that ruling is the law of this case. *See Commonwealth v. Wallace,* 582 Pa. 234, 870 A.2d 838, 841 n. 2 (2005). We cannot revisit the issue. Therefore, Appellant cannot obtain relief thereon.

### Pre–Complaint Discovery Motion—Probable Cause

■ ¶ 12 *Legal Principles.* The Pennsylvania Rules of Civil Procedure envision that discovery may be used to aid in the preparation of a complaint. *McNeil,* 894 A.2d at 1268, 1269; Pa.R.C.P. 4001(c). Earlier in this case, the Pennsylvania Supreme Court discussed the prerequisites for allowing such discovery as well as the appellate review of a trial court's ruling on discovery requests. The court stated:

> ... [T]o obtain pre-complaint discovery a litigant should be required to demonstrate his good faith as well as probable cause that the information sought is both material and necessary to the filing of a complaint in a pending action. A plaintiff should describe with reasonable detail the materials sought, and state with particularity probable cause for believing the information will materially advance his pleading, as well as averring that, but for the discovery request, he will be unable to formulate a legally sufficient pleading. Under no circumstance should a plaintiff be allowed to embark upon a "fishing expedition," or otherwise rely on an amorphous discovery process to detect a cause of action

he lacks probable cause to anticipate prior to the pre-complaint discovery process under this standard. The reasonableness of a given request, as well as the existence of probable cause and the good faith of the party seeking discovery, are matters for the trial court to determine in the exercise of its sound discretion.

*McNeil,* 894 A.2d at 1278 (footnote omitted).

■ ¶ 13 Probable cause for pre-complaint discovery exists where the moving party states facts supporting a reasonable belief that the evidence sought will support a cognizable cause of action. *Id.* at 1276.

¶ 14 An abuse of discretion is not a mere error in judgment. *Chris Falcone, Inc. v. Insurance Company of State of Pennsylvania,* 907 A.2d 631, 636 (Pa.Super.2006). Rather, it involves bias, partiality, prejudice, ill-will, manifest unreasonableness, or a misapplication of law. *Id.* It is an appellant's burden to persuade this Court that a trial court abused its discretion. *Id.* at 635, 636.

¶ 15 *Analysis.* Appellant's amended discovery motion essentially maintains: (1) that sometime in the early to mid–1990s, Appellant, based on a discussion with an unnamed lawyer who used to work with his mother's estate planning firm and who had knowledge of her estate plan, came to understand that he would be treated equally with his siblings; (2) that Appellant was at some point informed by someone that one or more of his siblings had encouraged his mother in the early to mid–1990s to treat Appellant equally with his siblings; and (3) that Appellant learned that, in the early to mid–1990s, one of his

---

rial dispute among the parties as to the content of the documents relevant to this appeal. Rather, the dispute is whether that content establishes probable cause for the allowance

of pre-complaint discovery. Accordingly, we are, under the facts of this case, able to conduct meaningful appellate review.

siblings indicated that Appellant's mother had included him in her will for his portion of the family fortune. These assertions do not constitute probable cause. They are vague and amorphous. Individuals are not identified; times are uncertain. It is not clear what was said.

¶ 16 As part of Appellant's argument, however, he contends the aforesaid assertions must be coupled with the various allegations in his complaint. He argues there is probable cause when the motion and complaint are read in tandem. Appellant further claims the trial court focused only on the three aforesaid assertions and failed to consider his complaint.

¶ 17 In his amended discovery motion, Appellant did cite and/or discuss significant portions of his complaint. Because he did so, we agree that, when evaluating the probable cause issue, the complaint and motion should be considered together. However, for the following reasons, we are not persuaded the trial court overlooked the complaint allegations when considering the discovery request.

¶ 18 In July 2000, the trial court wrote an opinion regarding the preliminary objections. The opinion analyzed the complaint allegations. In 2002, the court wrote its first opinion denying Appellant's amended motion for discovery. When denying the amended motion, the court specifically referenced its prior discussion of the complaint. For example, the 2002 opinion stated, "[Appellant's] request for discovery needs to be considered in light of the [c]ourt's earlier opinion dismissing the complaint." Trial Court Opinion, 01/08/02, at 3. The court further stated, "The factual assertions in the original complaint were specifically addressed in the [c]ourt's earlier opinion." *Id.* at 3. The court also briefly discussed Appellant's failure to plead that his mother intended to equalize his distribution with that of his siblings.

Thus, when the trial court first ruled on the amended discovery motion, the court did consider all of Appellant's assertions—those explicitly stated in the discovery motion and those alleged in the complaint.

¶ 19 In 2006, after the Supreme Court remanded this case, the trial court wrote another opinion, again denying the same amended discovery motion. The 2006 trial court opinion was effectively a reaffirmation of the trial court's 2002 denial in which the court had considered the discovery request in the context of the complaint. Thus, Appellant has not persuaded us that the court ignored the complaint when evaluating Appellant's discovery motion.

¶ 20 In light of the foregoing analysis, we see no basis to overturn the trial court's exercise of its discretion in denying Appellant's pre-complaint discovery request. We will, therefore, affirm that decision.

¶ 21 Order affirmed. Jurisdiction relinquished.