J-A08001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| HIREN PATEL, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| SHARON K. SMITH AND NICOLE JOHNSON, | |
| Appellees | No. 1244 EDA 2015 |

Appeal from the Order Entered March 31, 2015
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2011-08715

BEFORE:  BOWES, OLSON AND STRASSBURGER,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JULY 22, 2016**

Hiren Patel appeals from the March 31, 2015 order granting summary judgment and dismissing this action because it was instituted after expiration of the applicable statute of limitations.  We affirm.

Appellant was the owner of various Subway franchises in southeastern Pennsylvania.  On October 3, 2011, Appellant commenced this lawsuit against Appellees, Subway franchise owners Sharon K. Smith and Nicole Johnson, by filing a written complaint in the Court of Common Pleas of Bucks

---

*  Retired Senior Judge assigned to the Superior Court.

County.[1]  Appellant contended that, as a result of misrepresentations by Appellees and transactions that he conducted with them in 2008, he was misled into making certain investments within the Subway franchise organization and was damaged thereby.  He asserted fraud, conversion and tortious interference with business relations.

Before the instant lawsuit was filed, Appellant had commenced an earlier  federal action in the United States District Court for the Eastern District of Pennsylvania ("federal court") on August 18, 2010, against Appellees.  The federal action included the following claims for relief: 1) conversion; 2) fraud; 3) civil conspiracy; 4) tortious interference with business relations; 5) restraint of trade; 6) federal civil racketeering; and 7) securities fraud.  On October 15, 2010, Appellees moved to dismiss the federal lawsuit for lack of jurisdiction and for failure to state a claim.  On July 11, 2011, the motion was granted, but the dismissal was without prejudice and Appellant was granted leave to file an amended complaint to sustain federal jurisdiction.  No amended pleading was filed; instead, Appellant commenced the lawsuit on October 3, 2011, by filing a new complaint. Appended to the complaint herein was an uncertified copy of docket entries in the federal case.

_____

[1]  Appellees obtained the removal of this action to the federal court, and Appellant thereafter successfully asked the federal court to remand this lawsuit back to the court of common pleas.

Appellees moved for summary judgment on the ground that the causes of action pled in the case at issue, fraud, conversion, and tortious interference with business relations, were barred by the applicable statute of limitations.[2] They noted that Appellant's claims arose from activities conducted from May to September 2008, and the tort causes of action were subject to a two-year statute, yet Appellant did not file this case until October 3, 2011.

In opposition to the summary judgment motion based upon the statute-of-limitations defense, Appellant argued that the filing date of the federal case, which he averred was commenced within the applicable limitations period, should control the issue. The trial court determined that Appellant had not complied with the requirements of the transfer statute, and granted summary judgment to Appellees. This appeal followed.

Appellant presents one question for our review: "Did the lower court commit legal error and/or abuse its discretion, by having granted summary judgment in favor of [Appellees] as to all claims in the case asserted by [Appellant], on the basis that all of [Appellant's] claims were time-barred?" Appellant's brief at 2. Appellant's specific averment is that he "properly

---

[2] The averments in the motion for summary judgment dispel Appellant's position that the statute of limitations question was raised by the trial court *sua sponte*. Appellant's brief at 10. Appellant relied upon the transfer statute in an attempt to save this case from being dismissed as untimely.

transferred his case to Bucks County from the Federal Court . . . after the Federal Court had dismissed his federal causes of action." Appellant's brief at 10. Appellant contends that this action should be considered as filed on August 8, 2010, when Appellant instituted the federal lawsuit, and the use of that date renders this case timely with regard to the statute of limitations.

Our scope and standard of review when a trial court grants summary judgment is as follows:

> [S]ummary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. . . . [A]n appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion.

*Truax v. Roulhac*, 126 A.3d 991, 996 (Pa.Super. 2015) (citations omitted). If the statute of limitations has expired when a case was commenced, then the trial court is considered to have properly granted summary judgment. *Chris Falcone, Inc. v. Insurance Co. of State of Pennsylvania*, 907 A.2d 631 (Pa.Super. 2006).

Section 5103 of title 42 governs when a Pennsylvania action will be considered filed as of the date of a previously-initiated federal action:

> **(a) General rule.-**If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record

- 4 -

thereof to the proper tribunal of this Commonwealth, in a court or magisterial district **where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed** of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

**(b) Federal cases.-**

(1) **Subsection (a) shall also apply to any matter transferred or remanded by any United States court** for a district embracing any part of this Commonwealth. In order to preserve a claim under Chapter 55 (relating to limitation of time), a litigant who timely commences an action or proceeding in any United States court for a district embracing any part of this Commonwealth is not required to commence a protective action in a court or before a magisterial district judge of this Commonwealth. **Where a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court for lack of jurisdiction, any litigant in the matter filed may transfer the matter to a court or magisterial district of this Commonwealth by complying with the transfer provisions set forth in paragraph (2)**.

(2) Except as otherwise prescribed by general rules, or by order of the United States court, **such transfer may be effected by filing a certified transcript of the final judgment of the United States court and the related pleadings in a court or magisterial district of this Commonwealth**. The pleadings shall have the same effect as under the practice in the United States court, but the transferee court or magisterial district judge may require that they be amended to conform to the practice in this Commonwealth. Section 5535(a)(2)(i) (relating to termination of prior matter) shall not be applicable to a matter transferred under this subsection.

42 Pa.C.S. § 5103(a)-(b)(2) (emphases added). "The stated policy behind this section is to preserve a claim or cause of action timely filed in federal court on the ground that the claimant should not lose her opportunity to litigate the merits of the claim simply because she erred regarding federal jurisdiction." *Kelly v. Hazleton Gen. Hosp.*, 837 A.2d 490, 494 (Pa.Super. 2003) (citation omitted).

In the present case, Appellant claims that he filed "copies of the certified documents which he had received from the Clerk of the District Court" with his October 3, 2011 complaint. Appellant's brief at 11. Our review of the record reveals the following. The complaint had one attachment, and it is a copy of the docket sheet for the federal case. The docket sheet is **not** certified. Certified copies of the related pleadings, *i.e.*, the complaint, presented in the federal lawsuit were **not** attached to the October 3, 2011 complaint, and a certified transcript of the final judgment of the United States court was **not** appended to the complaint. Indeed, when this case was commenced, the federal action had not proceeded to final judgment since it was dismissed without prejudice, and Appellant was given a chance to amend to sustain federal jurisdiction. Thus, it is clear that Appellant did not comply with § 5103. He instituted the present case on October 3, 2011, by filing a complaint, and appending thereto only an uncertified copy of the docket sheet of the federal proceeding.

In addition, the filing of a complaint to initiate this case, in and of itself, rather than the filing of a certified copy of the relevant federal pleadings, is fatal to Appellant's position. "We have held that a litigant should file a certified transcript of the final judgment of the federal court and a certified transcript of the pleadings from the federal action, rather than new pleadings in the state court." *Chris Falcone, Inc.*, *supra* at 637. Simply put, the "**litigant shall not file new pleadings in state court**," *id*. at 638 (emphasis in original), which is precisely what Appellant did herein.

Appellant's heavy reliance upon *Williams v. F.L. Smithe Machine Co., Inc.*, 577 A.2d 907, 910 (Pa.Super. 1990), is misguided. In *Williams*, the question was whether the transfer had been **promptly** effectuated after the federal dismissal. Appellant herein never satisfied, at the onset, the mandate that he file a certified copy of the relevant federal pleadings and final judgment; instead, he fatally filed a completely new complaint. Indeed, *Williams* expressly admonished that

> in order to protect the timeliness of an action under 42 Pa.C.S.A. § 5103, a litigant, upon having his case dismissed in federal court for lack of jurisdiction, must promptly file a certified transcript of the final judgment of the federal court and, **at the same time**, a certified transcript of the pleadings from the federal action. **The litigant shall not file new pleadings in state court**.

*Id*. at 910 (emphases added).

The pertinent case authority compels our affirmance of the trial court's decision. *See Kelly*, *supra* (finding that the plaintiff's action was not saved

under § 5103 since plaintiff filed a new complaint to institute the state action and neglected to filed any relevant pleadings from the federal court); ***see also Ferrari v. Antonacci***, 689 A.2d 320 (Pa.Super. 1997). Thus, the trial court did not abuse its discretion or commit an error of law in determining that Appellant did not comply with § 5103 and that the filing date for the federal litigation could not be used to compute whether Appellant brought this case within the applicable statute of limitations.

Appellant also argues that he should be given an opportunity to amend his complaint. This position overlooks the hard reality that his case is untimely. Appellant filed this action beyond the two-year period allowed under the applicable statute of limitations. Amending the complaint will not cure this defect. Appellant cannot utilize the filing date of the federal lawsuit to compute the statute of limitations in that he did not comply with § 5103. To the contrary, he violated controlling Pennsylvania authority by commencing this lawsuit through the filing of a new complaint.

Order affirmed.

Judge Olson joins the memorandum.

Judge Strassburger files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/22/2016