**KELACO, Appellant,**

v.

**DAVIS & McKEAN GENERAL PARTNERSHIP and Food Lion Inc., Appellees.**

Superior Court of Pennsylvania.

Argued Sept. 15, 1999.

Filed Dec. 20, 1999.

---

Gary E. Hartman, Gettysburg, for appellant.

Heather A. Moyer, York, for appellees.

Before KELLY, HUDOCK and HESTER, JJ.

HESTER, J.:

¶ 1   Kelaco appeals the trial court's determination that an easement agreement pertaining to land owned by Davis & McKean General Partnership ("Davis") did

not violate certain agreements binding Appellant and Davis. We affirm.

¶ 2 Appellant instituted this action against Davis and Food Lion, Inc. (collectively, Appellees) after Davis and Food Lion entered into an agreement wherein Food Lion and Davis created a mutual easement over a portion of land straddling the common boundary line of property owned by them. Appellant sought to have the easement agreement declared invalid and an injunction issued preventing Food Lion from using the easement over Davis's property. Appellees filed an answer and then a motion for judgment on the pleadings. This appeal followed grant of that motion.

¶ 3 This appeal relates to the following facts. Appellant, Davis, and McKean own real estate located in Littlestown, Pennsylvania. The Davis property is located between the property of Kelaco and Food Lion. The three properties front on Pennsylvania Route 194.

¶ 4 Both Appellant and Davis purchased their property from Maerk, Ltd. The tracts purchased by them was to be developed as a shopping center even though it was divided between two purchasers. Appellant purchased its tract first, and when it did, it entered into two agreements with Maerk that were binding on Maerk's successors, and thus, Davis. Under the first agreement, Davis is prohibited from leasing its property to certain retail establishments competing with Appellant without Appellant's approval. Appellant also has a right of first refusal if Davis should sell its "parcel of land or any portion thereof." Agreement ("Exhibit B Agreement"), 8/31/89, at ¶ 5. That agreement is fully integrated.

¶ 5 The other August 31, 1989 agreement executed by Maerk and Appellant provides that Maerk expressly reserves the right to grant over its land easements, right-of-ways, and licenses to any person or corporation. That language provides specifically:

The Grantor further reserves to itself, its successors and assigns, the right to grant easements, rights-of-way and licenses to any person, individual, corporate body or municipalities; to install and maintain pipelines, underground or above ground lines, with the appurtenances necessary thereto, *for public utilities or quasi-public utilities,* or to grant such other licenses or permits as the Grantor may deem necessary for the improvement of the Tract in, over, through, upon and across any and all of the streets, avenues, roads, courts and open spaces, and in, over, through, upon and across all of the lots in the easement area reserved in Paragraph 1 of Article II of this Declaration or as shown on the Plat. The parties hereto shall have reciprocal easements in the Tract for ingress, egress and regress of employees, agents, suppliers and customers, together with the right to park vehicles in areas so designated. The Grantor further reserves to itself, its successors and assigns, the right to dedicate all of the streets, avenues, roads, courts, open spaces and easement to public use.

Agreement ("Exhibit D Agreement"), 8/31/89, at ¶ 3 (emphasis added).

¶ 6 On October 3, 1996, Davis and Appellant entered into an agreement that modified the Exhibit B Agreement. The prohibition against leasing was changed so that Davis could not lease its property to any retail business except two specified types. Food Lion does not fall within the exceptions to the noncompetition provision. Davis and Appellant also modified the right of first refusal so that Appellant has the right to purchase "the parcel of land or lesser portion thereof" should Davis elect to sell the parcel or lesser portion. Agreement ("Exhibit C Agreement"), 10/3/96, at ¶ 5.

¶ 7 On March 30, 1998, Davis and Food Lion executed a common ingress and egress easement agreement over a strip of land straddling the boundaries of their re-

spective properties. That agreement provides:

Food Lion and Davis/McKean (sometimes hereinafter collectively referred to as the "Property Owners" and individually referred to as a or the "Property Owner") in their capacities as the respective owners of the Food Lion Property and the Davis/McKean Property (sometimes hereinafter collectively referred to as the "Properties" and individually referred to as a or the "Property"), hereby mutually grant, convey establish and create for the benefit of one unto the other, and for the benefit of their respective agents, employees, guests, tenants, invitees, licensees, successor and assigns (collectively, the "Property Users"), a perpetual, non-exclusive right of pedestrian and vehicular ingress and egress to, from, over and across the thirty-two (32) foot wide portion of the Food Lion Property and the Davis/McKean Property sharing a common property line (with approximately sixteen (16) feet being on the Food Lion Property and the other sixteen feet (16) being on the Davis/McKean Property) and coming off of West King Street, all as more particularly described in the metes and bounds description and easement plat attached hereto and incorporated herein as Exhibit "A" (the "Easement").

Agreement ("Exhibit A Agreement"), 3/30/98, at ¶ 2a.

¶ 8 Initially, we examine the standards applied to the grant of a motion for judgment on the pleadings:

Entry of judgment on the pleadings is permitted under Pa.R.C.P., Rule 1034, 42 Pa.C.S.A. which provides for such judgment after the pleadings are closed, but within such time as not to delay trial. A motion for judgment on the pleadings is similar to a demurrer. It may be entered where there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. In determining if there is a dispute

as to facts, the court must confine its consideration to the pleadings and relevant documents. The scope of review on an appeal from the grant of judgment on the pleadings is plenary. We must determine if the action of the court below was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury.

*Cole v. Lawrence,* 701 A.2d 987, 988 (Pa.Super.1997) (quoting *Vetter v. Fun Footwear Co.,* 447 Pa.Super. 84, 668 A.2d 529, 530–31 (1995) (*en banc* )).

¶ 9 In this action, Appellant seeks a declaration that Exhibit A is in violation of Exhibits B, C, and D. We apply the following standards in interpreting a contract:

When construing agreements involving clear and unambiguous terms, this Court need only examine the writing itself to give effect to the parties' understanding. *McMahon v. McMahon,* [417 Pa.Super. 592] 612 A.2d 1360 (Pa.Super. 1992) (*en banc*). The court must construe the contract only as written and may not modify the plain meaning of the words under the guise of interpretation. *Trumpp v. Trumpp,* [351 Pa.Super. 205] 505 A.2d 601 (Pa.Super. 1985). When the terms of a written contract are clear, this Court will not re-write it to give it a construction in conflict with the accepted and plain meaning of the language used. *Litwack v. Litwack,* [289 Pa.Super. 405] 433 A.2d 514 (Pa.Super. 1981) . . . .

*Acme Markets, Inc. v. Federal Armored Express, Inc.,* 437 Pa.Super. 41, 648 A.2d 1218, 1221 (1994) (quoting *Creeks v. Creeks,* 422 Pa.Super. 432, 619 A.2d 754, 756 (1993)).

¶ 10 Appellant first maintains that the grant of the easement violated its right of first refusal. We disagree. Under the Exhibit D Agreement, Davis clearly and unequivocally reserved the right to grant easements over its property. Appellant suggests that Davis could grant ease-

ments only to "public utilities and quasi-public utilities" under the applicable language. We disagree. The right to grant easements is unrestricted, and the limitation regarding public utilities, under the unambiguous contract language, refers to pipelines and above ground lines.

¶ 11 We also agree with the trial court that the easement agreement is just that, and it does not invoke Appellant's right-of-first-refusal since the easement does not involve the sale of the land or a portion of the land. Contrary to Appellant's contention, Exhibit A clearly involves the mutual and *nonexclusive* right to pass over the property of the parties for purposes of ingress and egress only. It is a limited right-of-way over the property and in no way can be interpreted as intended to convey a fee in the land. *See Patricca v. Zoning Board of Adjustment*, 527 Pa. 267, 590 A.2d 744 (1991) (unless the agreement of the parties clearly provides that the grant involves a fee, an easement is a liberty or privilege but does not involve an estate or interest in the land itself or a right to any part of it).

¶ 12 We also reject Appellant's argument that the easement agreement is in violation of the restrictive covenant regarding use of Davis's land. While we recognize the validity of the case law enforcing such covenants, and relied upon by Appellant, Davis is *not* using *any* portion of its land in violation of the restrictive covenant. The easement will provide ingress and egress to Davis's land and Food Lion's land, but Food Lion's store is not on any portion of Davis's land; the store is on Food Lion's land. Since no portion of Davis's land houses a store in violation of the restrictive covenant, that covenant is not implicated. *See Siciliano v. Misler*, 399 Pa. 406, 160 A.2d 422 (1960) (defendant could use land restricted by noncompetition agreement as parking lot for adjacent store that violated restrictive covenant).

¶ 13 The issue presented is whether Davis is permitted to grant an easement under the relevant contracts. Clearly, it is, regardless of the nature of the business to which the easement is granted. The easement itself is not a subterfuge so that Davis will be leasing the property in violation of its covenants. Appellant may not appreciate the competition of Food Lion so close to its own business, but this easement agreement was not entered in violation of the agreements between Davis and Appellant.

¶ 14 Since the terms of Exhibits B, C, and D are clear and unambiguous, and Exhibit A does not violate them, there is no need to resort to other evidence to interpret those contracts. Hence, judgment on the pleadings properly was granted to Appellees.

¶ 15 Order affirmed.