**Susan KELLY, Appellant,**

v.

**HAZLETON GENERAL HOSPITAL, and Ross Doe, Staff Worker, Hazleton General Hospital, and Dr. Howard Cox, Emergency Room, Hazleton General Hospital, and Dr. Dal Soon Sperazza, Physician, Hazleton General Hospital Appellee.**

Superior Court of Pennsylvania.

Submitted Oct. 22, 2003.

Filed Nov. 17, 2003.

I. Michael Luber, Philadelphia, for appellant.

Joseph A. Ricci, Harrisburg, for Sperazza, appellee.

Timothy J. Holland, Wilkes–Barre, for Hazleton General Hospital, appellee.

Before: JOHNSON, MONTEMURO *, and TAMILIA, JJ.

JOHNSON, J.:

¶ 1 Susan Kelly appeals the trial court's order sustaining the defendants' motion for judgment on the pleadings. She contends that the trial court erred in concluding that she was barred from litigating her claim in state court due to her failure to comply with 42 Pa.C.S. § 5103(b), which permits the transfer to state court of a case dismissed from federal court for want of jurisdiction. She argues that her non-compliance was not sufficient, as a matter of law, to deny her protection under Section 5103 from normal operation of the otherwise applicable statute of limitations. Due to the nature of her noncompliance and our increasingly stringent caselaw under Section 5103, we affirm.

¶ 2 The parties do not dispute materially the chronology underlying Kelly's claim or its procedural history. In June 1999, Kelly was civilly committed to Hazleton General Hospital (HGH) for several days. For alleged abuses surrounding her commitment and stay at HGH, she filed suit in the United States District Court for the Middle District of Pennsylvania against the hospital, an HGH staff worker, and two physicians affiliated with HGH. She alleged that her "voluntary" commitment was coerced. She also contended that her commitment violated the Pennsylvania Mental Health Procedures Act, 50 P.S. §§ 7101–7503, and her federal civil rights. On February 4, 2002, the district court dismissed her claim for want of jurisdiction, but suggested that she might pursue her state law claims in state court pursuant to 42 Pa.C.S. § 5103.

¶ 3 On February 20, 2002, Kelly filed a new complaint with the Court of Common Pleas of Luzerne County. On March 11, 2002, HGH, the staff worker, and one of the defendant physicians (collectively, HGH Defendants), filed their Answer and New Matter. In addition to their merit-driven defenses, HGH Defendants asserted that Kelly's claim was barred by the applicable statute of limitations, and furthermore that it was barred by 42 Pa.C.S. § 5103. On March 18, 2002, Kelly filed her Reply to New Matter of HGH Defendants which summarily refused to respond substantively to the new matter on the basis that it called for conclusions of law. On May 20, 2002, Kelly filed a praecipe seeking service upon Dr. Dal Soon Sperazza (Defendant Sperazza). On August 19, 2002, Defendant Sperazza filed her Answer and New Matter, which included asser-

* Retired Justice assigned to the Superior Court.

tions about the statute of limitations and the operation of Section 5103 to bar Kelly's suit vis-à-vis Defendant Sperazza identical to those averred by HGH Defendants. On August 28, 2002, Kelly filed her Reply to New Matter of Defendant Sperazza, declining to respond just as she had with respect to HGH Defendants' New Matter.

¶ 4 On October 15, 2002, HGH Defendants and Defendant Sperazza filed their joint Defendants' Motion for Judgment on the Pleadings. Their Motion asserted that Kelly failed to provide the court of common pleas with a certified copy of the pleadings filed in connection with the original federal suit, and therefore failed to comply with 42 Pa.C.S. § 5103. Consequently, they argued, the statute of limitations had run, because by failing to comply with Section 5103 Kelly had failed to preserve her right to relate back her state filing date to the date on which she filed her initial federal complaint. Without operation of this saving statute, they argued, the statute of limitations ran as of June 2001, eight months prior to Kelly's initial filing with the state court.

¶ 5 On October 30, 2002, Kelly filed a praecipe to transmit the federal court order and opinion, as well as Kelly's amended complaint filed with the federal court, to the state court, in an apparent effort belatedly to satisfy the requirements of Section 5103. On November 7, 2002, all defendants joined in preliminary objections that sought to strike the praecipe to transmit. Kelly filed an answer to these preliminary objections on November 12, 2002.

¶ 6 The trial court, the Honorable Joseph M. Augello, after carefully surveying the few cases interpreting and applying Section 5103, granted defendants judgment on the pleadings. Judge Augello noted the approximately nine-month delay between Kelly's initial improper filing with

his court and the eventual partially-compliant filing of certified records of her federal district court filings along with that court's opinion and order. Judge Augello emphasized Kelly's ongoing noncompliance and observed that Kelly was on notice from both the federal court and the defendants of the need to follow the requirements of Section 5103 to avoid operation of the statute of limitations. Consequently, he granted the defendants' motion for judgment on the pleadings based on operation of the statute of limitations.

¶ 7 From this order, Kelly appeals, raising the following questions for our review:

1. Whether the trial court erred in granting Defendant's [sic] Motion for Judgment on the Pleadings.

2. Whether the trial court erred in dismissing the Plaintiff's entire cause of action for allegedly failing to comply with the provisions of 42 Pa.C.S.A. § 5103 which governs the transfer of cases from Federal to State court.

Brief for Appellant at 3. We do not view these questions as distinct, however, so for clarity's sake we quote and respond to the lone proposition stated at the head of the argument section of Kelly's brief:

THE TRIAL COURT ERRED IN GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS FOR FAILURE TO COMPLY WITH 42 Pa.C.S.A. § 5103 AND FOR IMPOSING THE REMEDY OF DISMISSAL FOR AN ALLEGED FAILURE TO PROPERLY TRANSFER AN ACTION FROM FEDERAL TO STATE COURT.

Brief for Appellant at 9. Kelly's challenge amounts to the following proposition: that Kelly's conduct following the dismissal of her case from federal court reflected such substantial compliance with Section 5103 that her federal filing date should apply to

her state court proceedings, notwithstanding her several procedural mistakes and omissions. Brief for Appellant at 9–16. Kelly's argument reaches its crescendo with counsel's plea that, while "[a] procedural oversight may be inexcusable, ... justice is not served by punishing the client in this instance." Brief for Appellant at 15.

¶ 8 Our scope and standard of review of orders granting judgment on the pleadings are well-established.

> A motion for judgment on the pleadings is similar to a demurrer. It may be entered where there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. In determining [whether] there is a dispute as to facts, the court must confine its consideration to the pleadings and relevant documents. The scope of review on an appeal from the grant of judgment on the pleadings is plenary. We must determine [whether] the action of the court below was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury.

*Kelaco v. Davis & McKean Gen. P'ship*, 743 A.2d 525, 528 (Pa.Super.1999) (citation and quotation omitted). Thus, our review is limited to determining whether the trial court abused its discretion or committed an error of law. *Cf. Kurz v. Lockhart*, 656 A.2d 160, 162 n. 1 (Pa.Cmwlth.1995). The parties do not dispute that the statute of limitations bars the action before us unless Kelly complied with 42 Pa.C.S. § 5103 effectively enough to apply her federal filing date to her suit in the court of common pleas.

¶ 9 Section 5103 allows a party to transfer a case dismissed by a federal court on jurisdictional grounds to an appropriate state court, bringing with the case its federal filing date for purposes of the statute of limitations. Its terms, in relevant part, follow.

§ 5103. Transfer of erroneously filed matters

> (a) General rule.—If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or district justice shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth.

> \* \* \* \* \* \*

> ■ (b) Federal Cases.—

> (1) Subsection (a) shall also apply to any matter transferred or remanded by any United States court for a district embracing any part of this Commonwealth. \* \* \* \* Where a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court for lack of jurisdiction, any litigant in the matter filed may transfer the matter to a court or magisterial district of this Commonwealth by complying with the transfer provisions set forth in paragraph (2).

> (2) ... [S]uch transfer may be effected by filing a certified transcript of the final judgment of the United States court and the related pleadings in a court or magisterial district of this Commonwealth. The pleadings shall have the same effect as under the practice in the United States court, but the transferee court or dis-

trict justice may require that they be amended to conform to the practice in this Commonwealth. . . .

42 Pa.C.S. § 5103. We have spoken previously to the matters of policy undergirding Section 5103. "The stated policy behind this section is to preserve a claim or cause of action timely filed in federal court on the ground that the claimant should not lose her opportunity to litigate the merits of the claim simply because she erred regarding federal jurisdiction." *Commonwealth v. Lambert*, 765 A.2d 306, 320 (Pa.Super.2000).

¶ 10 Some confusion has attended the Legislature's failure to provide any time period to limit when such a transfer can be effected. To fill this void, this Court created a general promptness requirement, *see Williams v. F.L. Smithe Machine Co., Inc.*, 395 Pa.Super. 511, 577 A.2d 907 (1990), which the Commonwealth Court in turn adopted. *See Kurz*, 656 A.2d at 163–64.

¶ 11 In *Williams*, the plaintiff filed her complaint in federal court in September 1988. 577 A.2d at 908. It was dismissed for want of federal subject matter jurisdiction in March 1989. *See id.* Two weeks after the dismissal from federal court, she filed a new complaint, substantially identical to that filed with the federal court, in the court of common pleas, and included a certified district court docket and order. *See id.* In April 1989, she filed with the state court *uncertified* copies of the pleadings previously submitted to the district court. *See id.* Only in October 1989 did she bring herself fully into compliance with the terms of Section 5103 by filing with the court of common pleas *certified* copies of the aforementioned pleadings. *See id.* The statute of limitations would have barred Williams's claims if she was held to have filed her case on the day she filed her new complaint with the court of common pleas.

Thus, only through operation of Section 5103 could her claim survive dismissal.

 ¶ 12 We ruled in favor of the plaintiff-appellants and reversed the trial court's dismissal of all claims as time-barred, because, "[g]iven the dearth of case law interpreting the provisions of 42 Pa.C.S.A. § 5103, appellants' initial partial compliance with the statute's requirements, and eventual complete compliance" did not warrant the "harsh result of dismissal." *See id.* at 910. With that decision, however, this Court endeavored to clarify the law under Section 5103, and thus hone its requirements for future litigants.

> [F]or benefit of both bench and bar, we now emphasize that in order to protect the timeliness of an action under 42 Pa.C.S.A. § 5103, a litigant, upon having his case dismissed in federal court for lack of jurisdiction, must promptly file a certified transcript of the final judgment of the federal court and, at the same time, a certified transcript of the pleadings from the federal action. The litigant shall not file new pleadings in state court.

*Id.* This qualifying language suggested that the equities driving this Court's decision in that case included not only the minimal prejudicial effect of plaintiff-appellants' procedural faults on the defense, but also the lack of clear precedent interpreting Section 5103. *Cf. id.* at 909 n. 1 ("We are hopeful . . . that our Legislature will see fit in the future to include a time requirement in the provisions of 42 Pa. C.S.A. § 5103."). By implication, then, *Williams* was *sui generis*, and plaintiffs would be held to a higher standard in the future.

¶ 13 That reading of *Williams* was vindicated by our subsequent decision in *Collins v. Greene County Memorial Hospital*, 419 Pa.Super. 519, 615 A.2d 760 (1992). In

that case, plaintiffs' federal claims were dismissed on August 23, 1990. *See id.* at 760. In March of 1991, they for the first time signaled their intent to seek relief in state court by filing a certified transcript of their federal court proceedings in the court of common pleas. *See id.* Although their filing fully satisfied Section 5103's material requirements, we found the seven-month delay dispositive against them. In sustaining the trial court's order granting the defendants' preliminary objections, we noted that "after *Williams,* the Appellants cannot claim that because of a lack of interpretive case law under § 5103, they did not know what was required of them." *Collins,* 615 A.2d at 762.

¶ 14 In *Collins,* we further developed our analysis of Section 5103 promptness requirements by analogy to caselaw requiring a plaintiff to attempt service within thirty days of filing a writ of summons. *See id.* at 762–63 (citing *Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882 (1976)). This analogous rule, we noted, was "consistent with the policy of avoiding stale claims, making the processes of justice as speedy and efficient as possible, and preventing the possibility of the plaintiff retaining exclusive control over the action for a period in excess of the statute of limitations." *Id.* at 762. Similarly, we concluded, if "a litigant fails to promptly transfer the action to the appropriate court, then the litigant abuses that protection, ... subverts the policies underlying the statute of limitations, and undermines the speedy and efficient processes of justice." *Id.* at 763. Our decision in *Ferrari v. Antonacci,* which both sides cite in their briefs as favorable to their respective positions, further reinforced the *Collins* holding. *See* 456 Pa.Super. 54, 689 A.2d 320, 323 (1997) (finding dispositive against plaintiffs a delay of nearly one year before any gesture towards seeking transfer to state court).

¶ 15 Kelly correctly observes that her failings are not categorically worse than those in *Williams,* which we forgave, and are less egregious than those in *Collins* and *Ferrari,* which we declined to forgive. As in *Williams,* Kelly filed a complaint in state court soon after the dismissal of her claims from the district court. She did not even approach perfecting her transfer under Section 5103, however, until nearly nine months after dismissal, a time period comparable to those in *Collins* and *Ferrari.* In fact, it is not entirely clear that she has *yet* perfected her filings. Brief for Defendant Sperazza at 10.

¶ 16 Kelly cites a Section 5103 case from the court of common pleas for the assertion that "[c]onfidence [in the legal profession] will not be bolstered by dismissing a case on procedural grounds rather than on the merits where the statute provides no time limit ...." Brief for Appellant at 12–13 (quoting *Palese v. York–Adams Area Council 544,* 18 Pa. D. & C.4th 7, 10 (Pa.Com.Pl.1993)). While we empathize with the spirit of the proposition, we cannot adopt Kelly's analogies or policy abstractions where they run counter to clear precedent governing the situation before us. Viewed in light of *Collins* and *Ferrari,* *Williams* merely carved out a one-time exception to the plain requirements of Section 5103, which was warranted on that occasion due to the lack of precedent governing the amount of time given plaintiffs to satisfy Section 5103. After those three cases, no precedential void remains, and counsel has no excuse for failing to satisfy the promptness requirement we long ago read into the statute.

¶ 17 A cursory examination of the plain language of Section 5103 and a brief review of the caselaw interpreting that section would have informed Kelly how to protect her federal filing date and avoid

operation of the statute of limitations. We choose not to define "promptness" by reference to a specific number of days. We leave that task to the Legislature. We must, however, decline Kelly's invitation to condone the manifest indifference to Section 5103's procedural requirements evident in this case.

¶ 18 We would prefer not to deny Kelly an opportunity to pursue her claim on the merits due to attorney error, but shifting the burden to the adverse party is an even less appealing alternative. *Cf. Rothman v. Fillette,* 503 Pa. 259, 469 A.2d 543, 545 (1983) (allocating the burden of attorney misconduct, as between two innocent parties, on the party who accredited that attorney). Consequently, we affirm.

¶ 19 Order AFFIRMED.