J-A05035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| TRANSYSTEMS, INC., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| PHILADELPHIA WHOLESALE PRODUCE MARKET A/K/A PHILADELPHIA REGIONAL PRODUCE MARKET AND PHILADELPHIA FRESH FRUIT TERMINAL CORPORATION A/K/A PHILADELPHIA FRESH FOOD TERMINAL CORPORATION, | |
| Appellees | No. 1862 EDA 2014 |

Appeal from the Order Entered May 13, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): January Term, 2013 No. 03651

BEFORE: GANTMAN, P.J., SHOGAN, and ALLEN, JJ.

MEMORANDUM BY SHOGAN, J.: **FILED MAY 07, 2015**

Appellant, Transystems, Inc., appeals from the order entered on May 13, 2014, that granted the motion for summary judgment filed by Philadelphia Wholesale Produce Market, also known as Philadelphia Regional Produce Market, and Philadelphia Fresh Fruit Terminal Corporation, also known as Philadelphia Fresh Food Terminal Corporation (collectively "Appellees"). We affirm.

The relevant facts and procedural history of this matter were set forth by the trial court as follows:

In October 2010, Lee Real Estate sued [Appellant] in federal court for copyright infringement for using its copyrighted architectural plans without permission. The plans in question

were designs for the construction of a new fruit and produce terminal in South Philadelphia. [Appellant] promptly filed joinder complaints against [Appellees] raising claims for negligent misrepresentation for allegedly having erroneously told [Appellant] that Lee's plans could be used without concern for copyright issues, and for contribution and indemnification.

It is not disputed that the misrepresentations took place in 2006. Lee and [Appellant] settled the federal matter in August 2012. The settlement terms specifically excluded [Appellant's] contribution and negligent misrepresentation claims against [Appellees] which the federal judge dismissed as being strictly state law claims.

It is undisputed that in [June of] 2013, [Appellant] filed a new legal action against [Appellees] in the Philadelphia Court of Common Pleas for contribution and damages … instead of proceeding pursuant to the Transfer of Erroneously Filed Matters Statute, 42 Pa.C.S.A. [§] 5103.[1]

Pleading and Discovery have closed and [Appellees have moved] for summary [judgment] claiming that the negligent misrepresentation claim is barred by the two year Statute of Limitations, and that the contribution claim is barred by the terms of the relevant statute, 42 Pa.C.S.A. 8324(c)[.]

Trial Court Opinion, 5/13/14, at 1-2. The trial court granted Appellees' motion for summary judgment in an order filed on May 13, 2014. This timely appeal followed.

On appeal, Appellant raises the following issues for this Court's consideration:

---

[1] "Section 5103 allows a party to transfer a case dismissed by a federal court on jurisdictional grounds to an appropriate state court, **bringing with the case its federal filing date for purposes of the statute of limitations**." *Kelly v. Hazleton General Hosp.*, 837 A.2d 490, 493 (Pa. Super. 2003) (citing 42 Pa.C.S. § 5103) (emphasis added).

1. Whether the trial court erred in granting summary judgment in favor of Appellees, dismissing Appellant's claim for contribution with prejudice, by misapplying the provisions of the Uniform Contribution Among Tortfeasors Act, 42 Pa.C.S. § 8321 *et seq.*, where Appellees were not original defendants.

2. Whether the trial court erred when it granted summary judgment in favor of Appellees, dismissing Appellant's claim for negligent misrepresentation with prejudice without considering the application of the discovery rule to the applicable statute of limitations.

Appellant's Brief at 3.

An order granting summary judgment is subject to the following scope and standard of appellate review:

> Our standard of review [in] an appeal from the grant of a motion for summary judgment is well-settled. A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.
>
> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non[-]moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

**Shepard v. Temple University**, 948 A.2d 852, 856 (Pa. Super. 2008)

(quoting **Murphy v. Duquesne University**, 777 A.2d 418, 429 (Pa. 2001)).

In its first issue, Appellant claims that the trial court erred in granting summary judgment in favor of Appellees by misapplying the provisions of the Uniform Contribution Among Tortfeasors Act, 42 Pa.C.S. §§ 8321-8327 ("the Act"). Appellant's Brief at 13. Appellant argues that, because no determination has been made as to Appellees' status as a joint tortfeasor under the Act, the trial court's decision was premature. *Id*. We disagree.

The relevant portion of the Act provides as follows:

**§ 8324. Right of contribution**

**(a) General rule.**--The right of contribution exists among joint tort-feasors.

**(b) Payment required**.--A joint tort-feasor is not entitled to a money judgment for contribution until he has by payment discharged the common liability or has paid more than his pro rata share thereof.

**(c) Effect of settlement.**--A joint tort-feasor who enters into a settlement with the injured person is not entitled to recover contribution from another joint tort-feasor whose liability to the injured person is not extinguished by the settlement.

42 Pa.C.S. § 8324.

After review, we conclude that the trial court correctly granted summary judgment in favor of Appellees with respect to Appellant's argument on joint-tortfeasor status under the Act. If, as Appellant argues, Appellees are not joint tortfeasors, then the Act does not apply; therefore, Appellant is not entitled to contribution from Appellees because the Act permits contribution only from joint tortfeasors. 42 Pa.C.S. § 8324(a). Conversely, if Appellant establishes that Appellees are joint tortfeasors,

- 4 -

Appellant is not entitled to contribution because it is undisputed that Appellant's settlement in the federal case did not extinguish Appellees' liability. 42 Pa.C.S. § 8324(c). Accordingly, Appellant is entitled to no relief on this issue.

In his second issue, Appellant argues that the trial court erred in granting summary judgment in favor of Appellees without considering the application of the discovery rule. Appellant claims that, while the alleged negligent misrepresentations were made in 2006, Appellant was not aware of these misrepresentations until depositions in the federal case on December 6, 2011. Appellant's Brief at 16. Thus, Appellant asserts that the discovery rule tolled the accrual date to December 6, 2011, providing Appellant until December 6, 2013, to file a timely complaint. *Id*. We disagree.

As noted above, Appellant claimed negligent misrepresentation in its complaint against Appellees. Trial Court Opinion, 5/13/14, at 2; Complaint, 6/3/13, at ¶¶ 21-26 Count I. This negligence claim carries a two-year statute of limitation. 42 Pa.C.S. § 5524(7). "[I]t is well-settled that the statute of limitations begins to run as soon as the right to institute and maintain a suit arises." **Morgan v. Petroleum Products Equipment Co.**, 92 A.3d 823, 828 (Pa. Super. 2014) (citation omitted). Once a cause of action has accrued and the statute of limitations has run, a party alleging damages is prohibited from bringing its cause of action. *Id*. However, the discovery rule is an exception to this general rule that may toll the running

of the statute. ***Id***. The discovery rule is a "judicially created device which tolls the running of the applicable statute of limitations until the point where the complaining party knows or reasonably should know that he has been injured and that his injury has been caused by another party's conduct." ***Id***. (internal citation and quotation marks omitted).

The record reveals that in a December 20, 2011 deposition, a vice president and representative of Appellant, Mr. William Bremner, testified that as far back as 2006, Appellant was aware of issues with the use of the copyrighted material, but he claimed he was informed that the issues had been resolved and that Appellant was permitted to use the copyrighted designs. N.T., Deposition of William Bremner, 12/20/11, at 181-184. However, Lee Real Estate specifically averred in its complaint in the federal action that Lee Real Estate did not intend to transfer the copyrights of the architectural plans to Appellant and that the copyright issue was unresolved. Second Amended Complaint for Copyright Infringement, 10/13/10, at ¶¶ 18-59.

Accordingly, despite Appellant's belief that the misrepresentation concerning the copyright was resolved in 2006, Appellant was on notice by way of the Second Amended Complaint, filed October 13, 2010, that the misrepresentation regarding the use of the copyrighted materials remained at issue. The trial court, finding that Appellant's claim was specious, concluded as follows:

> Even if [Appellant] could prove it did not know that it had been damaged until Lee Real Estate filed the federal court action in October 2010, its claim is time barred; at the most optimistic, it is chargeable with knowledge of injury from the time it joined [Appellees] in the federal court action [on November 12, 2010]. Therefore, the Market defendant's motion for Summary Judgment as to Count I, negligent misrepresentation, is granted and the claim is dismissed.

Trial Court Opinion, 5/13/14, at 3. Thus, Appellant was on notice of the alleged misrepresentation, **at the latest**, on November 12, 2010.

Therefore, viewing the evidence in the light most favorable to Appellant as the non-moving party and giving Appellant the benefit of the doubt regarding discovery, Appellant was required to initiate its cause of action alleging negligence on this issue on or before November 12, 2012. Here, Appellant did not file its writ of summons until January 30, 2013, and did not file its complaint until June 3, 2013. Accordingly, Appellant did not initiate its cause of action until after the statute of limitations expired, and therefore, we conclude that the trial court properly granted summary judgment in favor of Appellees.

For the reasons set forth above, we discern no error of law or abuse of discretion in the trial court's May 13, 2014 order. Thus, we affirm the order granting summary judgment in favor of Appellees.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/7/2015</u>