## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Colleen M. Bradley, | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| West Chester University, | : | No. 18 M.D. 2020 |
| Respondent | : | Submitted: March 7, 2022 |

BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION
BY JUDGE FIZZANO CANNON         FILED: April 1, 2022

Before this Court is an application for relief in the form of a motion for judgment on the pleadings filed by West Chester University (University) seeking dismissal of a claim levied by Colleen M. Bradley (Bradley) under the Whistleblower Law.[1] For the following reasons, we grant judgment in favor of the University and dismiss Bradley's claim.

## I. Background

Bradley served as Director of Budget and Financial Planning for the University, which is part of the Pennsylvania State System of Higher Education (PASSHE). Common Pleas Complaint at 6, ¶¶ 12 & 14, Original Record (O.R.) at 13.[2] Bradley's responsibilities included preparation, oversight and management of

_____

[1] Act of December 12, 1986, P.L. 1559, *as amended*, 43 P.S. §§ 1421-1428.

[2] We note that citations to the original record reference the page numbers of the PDF document, as the record is not separately paginated.

the University's operating budget and working collaboratively with a wide range of senior leaders at the University. *Id.* at 7-8, ¶ 26, O.R. at 14-15. Bradley also assisted in the preparation of "BUD Reports"—budgets submitted by the University to PASSHE. *Id.* at 16, ¶ 57, O.R. at 23.

Bradley alleges that while she was working on one of the University's annual BUD Reports, PASSHE administrators instructed her to modify the report in a way that would show a multi-million dollar deficit, even though the University in fact had a multi-million dollar surplus, so as to secure appropriation money from the Commonwealth of Pennsylvania. *Id.* at 19, ¶ 66, O.R. at 26. In September 2012, at one of the University's weekly Administrative Budget Committee meetings, Bradley questioned the ethics and legality of the BUD Report. *Id.* She was reprimanded for doing so, but Bradley nevertheless disseminated a memorandum at a subsequent Administrative Budget Committee meeting, reiterating her concerns. *Id.* at 20, ¶¶ 69 & 72-73, O.R. at 27.

More than two years later, Bradley again asserted that the proposed BUD Reports contained misrepresentations. *Id.* at 45-46, ¶¶ 162-63, O.R. at 52-53. Contrary to her supervisor's instructions, Bradley relayed her concerns regarding the budget at an Enrollment Management Committee meeting in October 2014. *Id.* at 46, ¶ 164, O.R. at 53.

In November 2014, Bradley learned that her employment with the University would terminate upon the expiration of her contract on June 30, 2015. *Id.* at 49, ¶ 176, O.R. at 56. Bradley also received a letter formalizing this decision. *Id.*

In May 2015, shortly before her contract with the University was due to expire, Bradley filed in the United States District Court for the Eastern District of

Pennsylvania (federal district court) a complaint (federal district court complaint) against the University, PASSHE, and several University and PASSHE administrators, alleging, *inter alia*, that she was terminated in retaliation for reporting instances of wrongdoing or waste, in violation of the Whistleblower Law.[3] *See* Federal District Court Complaint at 1 & 57-58, Bradley's Supplemental Filing, 1/10/20 (Supplemental Filing) at 3 & 59-60. In April 2016, the federal district court issued an order dismissing Bradley's Whistleblower Law claim "without prejudice to refiling in the appropriate state forum" on the basis that the Eleventh Amendment to the United States Constitution, U.S. Const. amend XI, barred Bradley's claim. *See* Federal District Court Order, 4/9/16, at 96 (emphasis omitted); *see also* Federal District Court Memorandum, 4/9/16 at 6-10, Bradley's Jan. 2020 Filing at 102-06.[4]

In May 2016, Bradley filed a complaint (common pleas court complaint) with the Philadelphia County Court of Common Pleas (common pleas

---

[3] Section 3 of the Whistleblower Law provides, in relevant part:

> (a) Persons not to be discharged.--No employer may discharge, threaten or otherwise discriminate or retaliate against an employee regarding the employee's compensation, terms, conditions, location or privileges of employment because the employee or a person acting on behalf of the employee makes a good faith report or is about to report, verbally or in writing, to the employer or appropriate authority an instance of wrongdoing or waste by a public body or an instance of waste by any other employer as defined in this act.

43 P.S. § 1423(a).

The remaining counts in Bradley's federal district court complaint alleged violations of the right to free speech under the First Amendment of the United States Constitution, U.S. Const. amend. I; negligent infliction of emotional distress; and intentional infliction of emotional distress. *See* Federal District Court Complaint at 56-61, O.R. at 58-63.

[4] Bradley appealed the district court's decision to the United States Court of Appeals for the Third Circuit, which affirmed. *See Bradley v. W. Chester Univ.*, 880 F.3d 643 (3d Cir.), *cert. denied*, 139 S. Ct. 167 (2018).

court) alleging, in relevant part, that the defendants violated the Whistleblower Law by terminating her employment in retaliation for making good faith reports of wrongdoing and waste.[5]  *See* Civil Cover Sheet at 1, O.R. at 6; Common Pleas Complaint, 5/31/16 at 51-52, ¶¶ 189-92, O.R. at 58-59.  In December 2016, the common pleas court entered judgment of *non pros* following Bradley's failure to effectuate service and to appear at a rule to show cause hearing.  *See* Common Pleas Order, 12/21/16, O.R. at 244.

Almost two years later, in October 2018, Bradley petitioned the common pleas court for relief from the judgment of *non pros*.  *See* Verified Petition for Relief from Judgment of Non Pros (Petition for Relief) at 1-35, O.R. at 245-79.  In December 2018, the common pleas court issued an order denying Bradley's Petition for Relief.  Bradley appealed to this Court.  In January 2020, we issued a memorandum opinion and order concluding that the common pleas court's judgment of *non pros* and order denying Bradley's Petition for Relief were void because the common pleas court lacked jurisdiction over Bradley's claims.  *See Bradley v. W. Chester Univ.* (Pa. Cmwlth., No. 368 C.D. 2019, filed Jan. 10, 2020), slip op. at 9-11.  Accordingly, we vacated the common pleas court's order denying Bradley's Petition for Relief and the common pleas court's judgment of *non pros* and directed the Prothonotary of this Court to docket the matter as a petition for review in our original jurisdiction.  *See id.*, slip op. at 10-11 (citing Section 5103(a) of the Judicial Code, 42 Pa.C.S. § 5103(a)).  In January 2020, Bradley filed with this Court copies

---

[5] Bradley's common pleas court complaint also asserted claims of intentional and negligent infliction of emotional distress.  *See* Common Pleas Complaint at 52-55, O.R. at 59-62.

4

of pertinent pleadings and orders from the proceedings before the federal district court.[6] *See* Bradley's Jan. 2020 Filing at 1-108.

After the University submitted preliminary objections, Bradley filed an amended petition for review reasserting only her Whistleblower Law claim and naming the University as the sole defendant.[7] *See* Second Amended Petition for Review, 7/31/20 at 1 & 6-7. The University's answer asserted as new matter that Bradley's Whistleblower Law claim was barred by the applicable statute of limitations and by the doctrine of laches.[8] Answer and New Matter, 8/31/20 at 8-9, ¶ 17-18.

In October 2020, the University submitted its application for relief in the form of a motion for judgment on the pleadings, on the basis that Bradley's failure to preserve the May 2015 filing date of the federal district court complaint by transferring her Whistleblower Law claim in accordance with Section 5103(b) of the

---

[6] The cover page of the Bradley's January 10, 2020 filing states that it contains "relevant certified pleadings and decisions filed in the [federal district court]" in connection with *Bradley v. West Chester University*, No. 2:15-cv-02681-MMB. *See* Supplemental Filing at 1. We note that citations to Bradley's filing reference the page numbers of the PDF document, as the filing is not paginated.

[7] Bradley had previously filed an amended complaint on February 27, 2020 and an amended petition for review on March 26, 2020, naming the University as sole defendant.

[8] The University asserted that Bradley's roughly five-and-one-half month delay in serving the complaint (from May 31, 2016, when Bradley filed her complaint with the common pleas court, to December 19, 2016, when she effected service of process) forfeited any potential tolling of the limitations period. University's Br. at 13 (citing Pa.R.Civ.P. 401(a); *McCreesh v. City of Philadelphia*, 888 A.2d 664, 671 (Pa. 2005) ("It is self-evident that once the action has been commenced, the defendant must be provided notice of the action in order for the purpose of the statutes of limitation to be fulfilled."); *Daniel v. City of Philadelphia*, 86 A.3d 955, 957 (Pa. Cmwlth. 2014) ("[I]n order to toll the statute of limitations, the plaintiff must make a good-faith effort to serve the complaint in a timely manner."). Because the timeliness of Bradley's claim hinges upon application of the "relation back" doctrine by means of Section 5103 of the Judicial Code, 42 Pa.C.S. § 5103, as opposed to the tolling of the applicable limitations period, we need not address this argument. *See infra* note 10.

Judicial Code, 42 Pa.C.S. § 5103(b), rendered her claim time barred due to the expiration of the applicable limitations period, and, further, that her claim was precluded by application of the doctrine of laches. *See* Motion for Judgment on the Pleadings, 10/30/20 at 5-12, ¶¶ 20-54.

## II. Discussion

The University argues that Bradley's Whistleblower Law claim is time barred due to the expiration of the applicable limitations period. University's Br. in Support of its Motion for Judgment on the Pleadings (University's Br.) at 9-10. Bradley filed her Whistleblower Law claim in federal district court on May 14, 2015, just before the limitations period expired.[9] She did not file the common pleas court complaint until May 2016—roughly one year past the expiration of the applicable limitations period. *See id.* at 9-13. The University contends that Bradley did not preserve the original filing date,[10] as she elected to refile her claim as a new civil

---

[9] The parties agree that the 180-day limitations period for Bradley's Whistleblower Law claim ran from November 18, 2014, the date on which Bradley learned that the University declined to renew her employment contract. *See* Bradley's Br. at 18; University's Br. at 9-10 (citing Section 4(a) of the Whistleblower Law, 43 P.S. § 1424(a) (providing that "[a] person who alleges a violation of [the Whistleblower Law] may bring a civil action in a court of competent jurisdiction for appropriate injunctive relief or damages, or both, within 180 days after the occurrence of the alleged violation")).

Bradley notes that her second amended petition for review mistakenly states that she learned in late October 2014 that she would be discharged on June 30, 2015, when in fact, she was informed on November 18, 2014 that she would be discharged on June 30, 2015. Bradley's Br. at 18. Bradley requests leave to amend her second amended petition for review to reflect the correct date. Because, for the reasons explained *infra*, Bradley failed to preserve the May 14, 2015 filing date of her Whistleblower Law claim in federal district court, Bradley's request is moot.

[10] The parties refer to Section 5103 of the Judicial Code, 42 Pa.C.S. § 5103, as a tolling provision, but strictly speaking, compliance with this provision does not "toll" the applicable limitations period but, rather permits "relation back" to the original filing date. *See Chris Falcone, Inc.*, 907 A.2d 631, 639 (Pa. Super. 2006) (noting that appellant's complaint "[did] not relate back to the federal court filing" due to noncompliance with Section 5103 of the Judicial Code, 42 Pa.C.S. § 5103).

6

action in state court rather than transfer the federal case in accordance with Section 5103(b) of the Judicial Code, 42 Pa.C.S. § 5103(b), and she did not promptly file with the common pleas court the requisite certified copies of the final judgment and related pleadings from the federal district court proceedings. *Id.* at 9-12 (citing *Chris Falcone, Inc. v. Ins. Co.*, 907 A.2d 631, 634 & 639 (Pa. Super. 2006)). The University notes that Bradley's "new civil complaint" in state court "did not even reference the federal action."[11] *Id.* at 12. The University contends that Bradley's failure to promptly transfer the federal case following dismissal by the federal district court for lack of jurisdiction renders her Whistleblower Law claim time barred. *Id.* at 13.

Bradley counters that she preserved the federal filing date by transferring her claim in accordance with Section 5103(b) of the Judicial Code, 42 Pa.C.S. § 5103(b). Bradley's Br. in Opp'n to Appl'n for Summ. Relief (Bradley's Br.) at 20-21 (citing 42 Pa.C.S. § 5103(b)). We disagree.

Section 5103 of the Judicial Code provides, in relevant part:

> (a) General rule.--If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal

---

[11] Moreover, the University maintains that even if Bradley had successfully preserved the original filing date of her complaint in federal district court, Bradley's subsequent failure to appear at "mandatory pretrial events" in connection with the common pleas court proceedings would still preclude her ability to maintain her claim. University's Br. at 14 (citing *Kruis v. McKenna*, 790 A.2d 322, 325 (Pa. Super. 2001) (citing Pa.R.Civ.P. 218)). The common pleas court docket indicates that Bradley failed to appear at a case management conference and at a rule to show cause hearing (which had been continued twice), following which the common pleas court entered judgment of *non pros*. *See* Common Pleas Docket at 2-3, O.R. at 3. However, because we have already ruled that the common pleas court lacked jurisdiction over the action, this argument is moot.

of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth.  A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

(b) Federal cases.--

(1) Subsection (a) shall also apply to any matter transferred or remanded by any United States court for a district embracing any part of this Commonwealth.  In order to preserve a claim under Chapter 55 (relating to limitation of time), a litigant who timely commences an action or proceeding in any United States court for a district embracing any part of this Commonwealth is not required to commence a protective action in a court or before a magisterial district judge of this Commonwealth.  Where a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court for lack of jurisdiction, any litigant in the matter filed may transfer the matter to a court or magisterial district of this Commonwealth by complying with the transfer provisions set forth in paragraph (2).

(2) Except as otherwise prescribed by general rules, or by order of the United States court, such transfer may be effected by filing a certified transcript of the final judgment of the United States court and the related pleadings in a court or magisterial district of this Commonwealth.  The pleadings shall have the same effect as under the practice in the United States court, but the transferee court or magisterial district judge may require that they be amended to conform

8

> to the practice in this Commonwealth. Section 5535(a)(2)(i) (relating to termination of prior matter) shall not be applicable to a matter transferred under this subsection.

42 Pa.C.S. § 5103(a), (b). "The stated policy behind this section is to preserve a claim or cause of action timely filed in federal court on the ground that the claimant should not lose the opportunity to litigate the merits of the claim simply because the litigant erred regarding federal jurisdiction." *Chris Falcone, Inc.*, 907 A.2d at 637 (citation and brackets omitted).

"Once the federal court dismisses a case for lack of jurisdiction, it is then incumbent upon the litigant to take further action under the statute to move the case to state court." *Chris Falcone, Inc.*, 907 A.2d at 637 (citation and quotation marks omitted). To preserve the timeliness of an action under this statute,

> a litigant, upon having [her] case dismissed in federal court for lack of jurisdiction, must promptly file a certified transcript of the final judgment of the federal court and, at the same time, a certified transcript of the pleadings from the federal action. *The litigant shall not file new pleadings in state court*.

*Metzger v. Pike Cnty.* (Pa. Cmwlth., No. 432 C.D. 2012, filed Dec. 13, 2012), slip op. at 23 (emphasis added) (quoting *Williams v. F.L. Smithe Mach. Co.*, 577 A.2d 907, 910 (Pa. Super. 1990)). "This rule of promptness established by the courts was held to be consistent with the policy of avoiding stale claims, making the processes of justice as speedy and efficient as possible, and preventing the possibility of the plaintiff retaining exclusive control over the action for a period in excess of the statute of limitations." *Collins v. Greene Cnty. Mem'l Hosp.*, 615 A.2d 760, 762 (Pa. Super. 1992), *aff'd*, 640 A.2d 379 (Pa. 1994). Thus, merely filing new pleadings in state court does not effect a transfer under Section 5103(b) of the Judicial Code, 42 Pa.C.S. § 5103(b). *See Metzger*, slip op. at 23 (citing *Williams*, 577 A.2d at 910);

9

*see also Chris Falcone, Inc.*, 907 A.2d at 637 (holding that "[a]ppellant did not properly transfer its federal case simply by filing a new complaint in state court").[12]

Bradley asserts that the federal district court's April 19, 2016 order instructed her simply to refile, rather than transfer, her claim, in order to effect a transfer under Section 5103(b) of the Judicial Code, 42 Pa.C.S. § 5103(b), and that this subsection authorized the federal district court to permit such a deviation from the statutory transfer requirements. However, the federal district court merely dismissed Bradley's claim without prejudice to her ability to file in state court; it did not purport to abrogate the statutory requirement that Bradley file certified copies of the final judgment and related pleadings from the federal district court proceedings in order for the filing date of the common pleas court complaint to relate back to the filing date of the federal district court complaint filing date, nor does Bradley establish that the federal district court would have been authorized to do so under Section 5103(b)(2).[13]

Moreover, Bradley's eventual filing of copies of the federal district court judgment and pertinent pleadings with this Court was far from prompt. Bradley filed the copies with this Court on January 10, 2020—nearly four years after

---

[12] Even if Bradley were correct that the federal district court possessed the authority under Section 5103(b)(2) of the Judicial Code, 42 Pa.C.S. § 5103(b)(2), to permit her simply to refile her claim, it is not clear how Bradley's May 2016 common pleas court complaint could have effected a transfer and preserved the filing date of the federal district court complaint. Bradley's common pleas court complaint failed to reference the federal district court proceedings, and Bradley first provided the common pleas court with notice of the federal district court proceedings by means of her October 30, 2018 Petition for Relief and the exhibits attached thereto—roughly two-and-one-half years after Bradley filed her common pleas court complaint on May 31, 2016.

[13] Bradley apparently decided to follow the directive contained in Section 5013(b)(2), 42 Pa.C.S. § 5103(b)(2), by filing copies of pertinent judgments and pleadings from the federal district court proceedings with this Court nearly four years after dismissal by the federal district court for lack of jurisdiction, despite asserting that the federal district court's April 19, 2016 order obviated this statutory transfer requirement.

10

the federal district court's dismissal of her claim in April 2016 and the refiling of her claim with the common pleas court in May 2016.[14]

In *Kelly v. Hazleton General Hospital*, 837 A.2d 490, 492 (Pa. Super. 2003), a "nine-month delay between [appellant's] initial improper filing with [the trial] court and the eventual partially-compliant filing of certified records of [] federal district court filings along with that court's opinion and order" failed to satisfy the promptness requirement of the transfer provisions set forth in Section 5103(b)(2) of the Judicial Code, 42 Pa.C.S. § 5103(b)(2). *Id.* Despite "fil[ing] a complaint in state court soon after the dismissal of her claims from the [federal] district court," appellant "did not even approach perfecting her transfer under Section 5103 . . . until nearly nine months after dismissal," and it was "not entirely clear that [appellant] ha[d] *yet* perfected her filings." *Kelly*, 837 A.2d at 495.

Similarly, here, Bradley filed a new complaint with the common pleas court less than two months following dismissal by the federal district court for lack of jurisdiction, but did not attempt to perfect the attempted transfer of the federal case until roughly four years later.[15] Her filing was not prompt and, therefore, failed to effect a transfer under the statute. Accordingly, Bradley's January 10, 2020 filing of copies of pertinent orders and pleadings from the federal district court proceedings fails to satisfy the promptness requirement of Section 5103 of the Judicial Code, 42

---

[14] Bradley states that "[w]hen this matter was transferred to this Court pursuant to its January 10, 2020 ruling, [she] filed pertinent certified [copies] of the federal rulings and pleadings two days later." Bradley's Br. at 22. However, this Court's internal case management system indicates that Bradley in fact filed the copies on January 10, 2020.

[15] "[T]he promptness requirement under [Section 5103 of the Judicial Code] is measured from the date the federal court dismisses the case for lack of jurisdiction." *Chris Falcone, Inc.*, 907 A.2d at 640.

11

Pa.C.S. § 5103.[16]  *See id.*; *see also Collins* 615 A.2d at 760 (seven-month period between dismissal from federal court and filing of praecipe to transfer case with state court did not comply with promptness requirement under the transfer statute); *Chris Falcone, Inc.*, 907 A.2d at 640 (deeming untimely a ten-month "gap between the federal court dismissal and [a]ppellant's praecipe to transfer"); *Ferrari v. Antonacci*, 689 A.2d 320, 321-22 (Pa. Super. 1997) (one-year time period between complaint filed with common pleas court following dismissal by federal court and filing certified transcript with common pleas court was not prompt).[17]

---

[16] We note that even if we were to accept the exhibits attached to Bradley's October 30, 2018 Petition for Relief as the requisite "certified transcript" of the final judgment and related pleadings from the federal district court proceedings, this roughly two-and-a-half year delay following dismissal by the federal district court would, nevertheless, fail to satisfy the promptness requirement of Section 5103(b)(2) of the Judicial Code, 42 Pa.C.S. § 5103(b)(2). *See, e.g.*, *Kelly*, 837 A.2d at 492. Regardless, Bradley's October 30, 2018 filing did not comport with the statutory transfer requirements, as the documents contained therein were not certified. *See* Section 5103(b)(2) of the Judicial Code, 42 Pa.C.S. § 5103(b)(2).

[17] We acknowledge that pending federal court proceedings have been held, under certain circumstances, to justify delay in filing a praecipe for transfer of a claim from federal court to state court in accordance with Section 5103(b) of the Judicial Code, 42 Pa.C.S. § 5103(b). In *Constantino v. University of Pittsburgh*, 766 A.2d 1265 (Pa. Super. 2001), an appellant filed a praecipe to transfer her state law claims from federal district court to state court approximately five months following dismissal by the federal district court for lack of jurisdiction while her appeal to the United States Court of appeals for the Third Circuit remained pending. *See Constantino*, 766 A.2d at 1267. The common pleas court dismissed appellant's complaint on the basis that she untimely transferred the case to state court. *Id.* at 1267. The Pennsylvania Superior Court reversed the common pleas court's dismissal, reasoning "that the uncertainty resulting from the pending appeal, as well as the lack of necessity for proceeding in state court in the event the court of appeals reversed the federal dismissal, provide[d] an explanation for the delay." *Id.* at 1269. However, *Constantino* is distinguishable from the instant matter. First, the *Constantino* appellant delayed roughly five months before filing a praecipe to transfer her claim to the common pleas court in accordance with Section 5103(b) of the Judicial Code, 42 Pa.C.S. § 5103(b). Here, Bradley did not file copies of pertinent orders and pleadings from the federal district court proceedings with this Court until nearly four years after dismissal of her Whistleblower Law claim by the federal district court for lack of jurisdiction and more than one year after the United States Supreme Court denied *certiorari*. Thus, Bradley cannot claim that any "uncertainty resulting from the pending appeal" or "lack of necessity for proceeding in state court in the event the court of appeals reversed the federal dismissal" justified her delay following the denial of *certiorari* by the

12

Disregarding the express requirements of Section 5103(b)(2), 42 Pa.C.S. § 5103(b)(2), Bradley instead filed her Whistleblower Law claim against the University with the common pleas court as a new claim and without the requisite certified copies of the final judgment and related pleadings from the federal district court proceedings. Thus, the case *sub judice* was initiated on May 31, 2016—the date on which Bradley initiated in the common pleas court the case which was subsequently transferred to this Court. The applicable limitations period for Bradley's Whistleblower Law claim expired on May 17, 2015. We, therefore, agree with the University that Bradley's claim is time barred. *See Kelly*, 837 A.2d at 495-96 (stating that "[a] cursory examination of the plain language of Section 5103 and a brief review of the caselaw interpreting that section would have informed [appellant] how to protect her federal filing date and avoid operation of the statute of limitations"); *see also Collins*, 615 A.2d at 763 (explaining that a litigant who fails to promptly transfer the action to the appropriate court abuses the protection

United States Supreme Court. *Id.* at 1269-70. Moreover, whereas *Constantino* involved the timeliness of appellant's praecipe to transfer her claim in accordance with Section 5103, here, Bradley did not file a praecipe to *transfer* her claim, but rather filed a *new* claim under the Whistleblower Law in state court, and, further compounding that error, subsequently failed to perfect the attempted transfer of her claim in accordance with statutory transfer requirements.

13

afforded by the transfer statute, "subverts the policies underlying the statute of limitations, and undermines the speedy and efficient processes of justice").[18]

For the foregoing reasons, we grant the University's motion for judgment on the pleadings and dismiss Bradley's Whistleblower Law claim as time barred.

_____
CHRISTINE FIZZANO CANNON, Judge


Judge Dumas did not participate in the decision in this case.

---

[18] The University further argues that Bradley's Whistleblower Law claim is barred by the doctrine of laches, asserting that it was prejudiced by Bradley's want of diligence in failing to promptly institute and maintain the action. University's Br. at 15 (citing *Stilp v. Hafer*, 718 A.2d 292 (Pa. 1998)). Because we conclude that Bradley's whistleblower claim is time barred, we decline to address this argument.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Colleen M. Bradley,                    :
                    Petitioner        :
                                       :
          v.                           :
                                       :
West Chester University,               :    No. 18 M.D. 2020
                    Respondent        :

O R D E R

AND NOW, this 1st day of April, 2022, the motion for judgment on the pleadings filed by West Chester University (the University) is GRANTED and Colleen M. Bradley's claim that the University violated the Whistleblower Law, Act of December 12, 1986, P.L. 1559, as amended, 43 P.S. §§ 1421-1428, is DISMISSED.

_____
CHRISTINE FIZZANO CANNON, Judge